Paul SPARKS, Appellant,

v.

STATE of Indiana, Appellee.

No. 179S18.

Supreme Court of Indiana.

Aug. 24, 1979.

Kenneth T. Roberts, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of murder and was sentenced to a term of 45 years in the Indiana State Prison.

The record shows that on the evening of March 29, 1978, appellant and seven other persons were gathered at a house trailer belonging to David Sparks. Shortly after 11:00 p. m., an argument ensued between David Sparks and the decedent Junior Grays. David Sparks and appellant then went to the back bedroom of the trailer. After a brief absence, they returned to the group, at which time David Sparks shot Grays in the midsection with a pistol. Appellant then argued with Grays, calling him a "snitch" for allegedly causing appellant to be convicted and imprisoned for bank robbery. Appellant then shot Grays in the head. Grays died later in a hospital. Appellant had been heard to state on prior occasions that he was planning to kill Grays and that "Junior's time was coming." There was testimony that in the weeks following the death of Grays, appellant twice stated that he had shot Grays between the eyes and killed him.

Appellant contends the trial court erred in permitting the testimony of State's witness James Burke. Appellant had filed a motion to produce statements and lists of witnesses. On August 4, 1978, the State responded with an extensive list of witnesses, production of statements and assurances that appellant would be provided with additional reports as soon as they became available to the State. On Wednesday, September 6, the State became aware of an eyewitness to the crime. A statement was taped and subsequently signed by the witness, James Burke, on Friday. At the commencement of the trial the following Monday, the prosecutor gave defense counsel a copy of the statement.

■ We note that appellant's reliance on *U.S. v. Agurs* (1976) 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342, to bolster his argument for reversal is misplaced. The *Agurs* Court held that under the due process clause a prosecutor cannot withhold from the defense any exculpatory matter which

may raise a reasonable doubt as to the guilt of the accused. The statement in the case at bar, however, was not exculpatory but rather was an accusation that appellant had in fact participated in the murder of Junior Grays. Hence, the *Agurs* rule has no application.

A criminal defendant may seek exclusion of evidence proffered by the State if the State's violation of a discovery order is in bad faith or is grossly misleading. *Reid v. State* (1978) Ind., 372 N.E.2d 1149. The normal remedy, however, is for the defendant to move for a continuance. *Gregory v. State* (1972) 259 Ind. 295, 286 N.E.2d 666. In the case at bar, the State cooperated fully with defense counsel. An extensive witness list and copies of available statements were provided. This was supplemented at various times prior to trial. The State received a copy of Burke's statement only one working day prior to trial and immediately tendered a copy thereof to defense counsel at the commencement of the trial. Under these circumstances, it cannot be said that the State acted in bad faith or misled the defense. Appellant should therefore have moved for a continuance if he felt more time was needed to examine the statement. Since he did not do so and since he had a full and fair opportunity to cross-examine the witness at trial, we hold the trial court committed no error in allowing Burke to testify. *Gregory v. State, supra.*

Appellant next claims the conviction must be set aside since the State allegedly solicited false testimony from James Burke. The Fourteenth Amendment, of course, requires the reversal of a conviction obtained through the use of false testimony. *Napue v. Illinois* (1959) 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217. Four inmates of the Wayne County Jail testified that the sheriff attempted to solicit testimony from them for the purpose of incriminating appellant. The argument is then made that the eleventh-hour statement of James Burke was similarly the product of the sheriff's solicitation of false testimony. In response, the sheriff testified that he discussed the case with some of the inmates, but that he neither attempted to solicit false information nor promised them reduced charges in return. The trial court had the opportunity to weigh this evidence and judge the credibility of these witnesses. As an appellate court, we cannot say that the decision to admit the testimony of James Burke was a manifest abuse of his discretion with respect to the reception of evidence. *Misenheimer v. State* (1978) Ind., 374 N.E.2d 523.

Appellant's third allegation of error is that the evidence is insufficient to sustain the conviction. Under IC § 35–42–1–1(1) [Burns 1979], the State was required to prove that appellant knowingly or intentionally killed a human being. The evidence heretofore recited is ample evidence from which the jury could have concluded that appellant had knowingly or intentionally killed Junior Grays.

Finally, appellant contends the trial court abused its discretion by unduly restricting his cross-examination of Officers Dennis Andrews. Defense counsel had propounded questions to the witness regarding whether David Sparks had ever confessed to the murder. We need not decide, however, whether the sustaining of the State's objections to such questions was reversible error for the reason the desired information was later admitted and developed in full during appellant's direct examination of David Sparks. Any possible error in restricting the cross-examination of Officer Andrews was, therefore, harmless. *Banks v. State* (1976) 265 Ind. 71, 351 N.E.2d 4.

The judgment of the trial court is affirmed.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.