Antonio J. TORRES, Appellant,

v.

STATE of Indiana, Appellee.

No. 282S66.

Supreme Court of Indiana.

Dec. 14, 1982.

1022


John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Child Molesting, a Class A felony, and Child Molesting, Class B felony. He was sentenced to two terms of twenty (20) years to be served consecutively.

The record discloses that Deputy Sheriff George Ballard received a manila envelope with no return address in the mail. The envelope contained a file card and fourteen Polaroid photographs. The typewritten message on the file card identified appellant, his girlfriend and the little girl, who was the victim in this case, as the persons in the photographs. The child's mother was also identified by her maiden name.

The photographs depict appellant and the then three year old victim in various poses involving masturbation, fondling, sexual intercourse and fellatio. Two photographs involve sexual activity between appellant's girlfriend and the victim. One photograph shows the child nude from the waist down lying on the floor. Deputy Ballard located the victim's mother at her home in Muskogee, Oklahoma. During the trial the victim's mother testified her family lived in the same apartment building as appellant and his girlfriend. In December, 1978, appellant's girlfriend asked if the victim could spend the night with them. After discus-

■ Appellant claims the trial court erred in admitting State's Exhibit 2, the file card on which the appellant's name, the victim's name and the victim's mother's name were listed. He contends the evidence was inadmissible hearsay. The trial court alternatively ruled the evidence to be admissible as part of the *res gestae* and to show why Officer Ballard acted on the information as he did.

Hearsay is an out of court statement offered in court to prove the truth of the matter stated therein. The value of the statement rests upon the credibility of a declarant who is not in court or otherwise unavailable for cross-examination. *McClain v. State,* (1980) Ind., 410 N.E.2d 1297. Words simultaneously uttered at the time of the occurrence, transaction or accident at issue may be admissible within the *res gestae* exception to the hearsay rule. *Hernandez v. State,* (1982) Ind., 439 N.E.2d 625. The written statement on the file card was made two years after the offenses charged and constituted no part of it. The trial court erroneously ruled the card was admissible as part of the *res gestae.*

Nor do we believe the trial court correctly ruled the statement was admissible to show why the police officer acted as he did. We have held "testimony of a police officer which merely relates to an investigation of alleged crimes and establishes only that the information was received within the officer's own knowledge is not objectionable hearsay." *Roberts v. State,* (1978) 268 Ind. 348, 375 N.E.2d 215, citing *Ballard v. State,* (1974) 262 Ind. 482, 318 N.E.2d 798. In the case at bar, the incriminating statement made by an unknown and unavailable declarant specifically named appellant as the perpetrator of the offenses portrayed by the photographs. Any explanation of Officer Ballard's conduct in his investigation would have been properly limited to his testimony that he followed leads provided by the card.

Although we hold the statements on the card were inadmissible, the error committed was harmless error. Ample identification evidence, other than the statement on the file card, existed. The victim's mother identified her daughter, appellant's girlfriend, and appellant as the people in the photographs. She further identified the appellant's residence in the background of the photographs. Moreover, appellant admitted ownership of the photographs prior to trial as disclosed by Officer Ballard's testimony. Under these circumstances, admitting the file card, though erroneous, does not constitute reversible error.

■ Appellant claims the evidence is insufficient to support Count II, child molesting based on sexual intercourse. He argues the photographs depicting sexual intercourse with the victim are insufficient to support the conviction without any supporting testimony or other evidence. In *Bergner v. State,* (1979) Ind.App., 397 N.E.2d 1012, *transfer denied,* July 1, 1980, the Court of Appeals adopted the "silent witness theory." That theory permits admission of photographs at trial as substantive evidence rather than merely demonstrative. No witness is required to testify that the photograph is an accurate representation of the witness' observation. The photograph "speaks for itself." *Bergner, supra;* III J. Wigmore, Evidence § 790 (Chadbourn rev. 1970). We quote with approval *Bergner, supra,* at 1017:

"The foundational requirements for the admission of photographs as substantive evidence under the silent witness theory are obviously vastly different from the foundation required for demonstrative evidence. However, we feel it would be wrong to lay down extensive, absolute foundation requirements. Every photograph, the context in which it was taken, and its use at trial will be different in some respect. We therefore hold only that a *strong* showing of the photograph's competency and authenticity must be established. Whether a sufficiently strong foundation has been laid is left to the sound discretion of the trial court, reviewable only for abuse. However, we stress our use of the adjective 'strong.' Photographs tend to have great probative weight and should not be ad-

mitted unless the trial court is convinced of their competency and authenticity to a *relative certainty.*

"Despite our reluctance to formulate absolute standards for the admissibility of photographs as substantive evidence, we feel compelled to require proof the photograph has not been altered in any significant respect. This is necessary to avoid dangers of misrepresentation or manufactured evidence which are possible through composite or retouched photographs. Additionally, we suggest a few non-mandatory guidelines for the admission of photographs under the silent witness theory. The date the photograph was taken should be established in certain cases, especially where the statute of limitations or the identity and alibi of the defendant are in question."

The factual circumstances giving rise to the issue in *Bergner* are similar to those in the case at bar. Bergner was convicted of sodomizing his four year old daughter based on two photographs depicting the act of fellatio by a female child on an adult male. The victim's mother identified the child as her daughter, the lower portion of the male body as her ex-husband (appellant) and the background as his home. An expert witness testified the photographs had not been altered in any way, were not retouched, nor composites. The victim's mother testified as to the approximate date the photographs were taken which was corroborated by the expert's testimony regarding the date of manufacture of the film. The Court of Appeals properly determined the trial court did not abuse its discretion in admitting the photographs as substantive evidence.

Similarly, evidence was adduced at the trial in the case at bar that the Polaroid photographs were not altered or retouched. The victim's mother identified her daughter, appellant and appellant's girlfriend as those persons in the photograph. Based on her knowledge of appellant's apartment, the victim's mother identified the background of the photographs as appellant's residence. She also approximated the date the photographs were taken.

Thus, the photographs were properly admitted as substantive evidence for the jury's consideration. Upon reviewing the photographs, we find them to sufficiently support the jury's finding that sexual intercourse occurred.

Appellant claims the trial court erred in refusing to give to the jury his tendered instruction on battery. A two-step analysis it utilized to determine whether refusal to instruct on a lesser included offense constitutes error:

"First, it must be determined that the lesser offense is 'included within the crime charged, as it was allegedly committed in the charging instrument.' *Lawrence v. State,* [ (1978) 268 Ind. 330, 375 N.E.2d 208] *supra.* If so, it must then be ascertained whether the evidence produced at trial warrants submission of the lesser and included offense to the jury. Id." *Easley v. State,* (1981) Ind., 427 N.E.2d 435 at 437.

Appellant did not offer any defense or present any evidence at trial. Nor did he offer evidence that he committed the lesser included offense. The evidence did not warrant submission of an instruction on the lesser included offense to the jury. *Easley, supra; Brown v. State,* (1980) Ind., 416 N.E.2d 828.

■ Appellant claims the trial court abused its discretion in permitting State's Exhibits numbered 3–16, the photographs, to be taken to the jury room for examination during their deliberations pursuant to the jury's request. In *Thomas v. State,* (1972) 259 Ind. 537, 540, 289 N.E.2d 508, 509, we adopted § 5.1 of the Standards Relating to Trial by Jury (ABA Project on Standards for Criminal Justice).

"5.1. Materials to jury room.

(a) The court in its discretion may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant and exhibits and writings which have been received in evidence, except depositions.

(b) Among the considerations which are appropriate in the exercise of this discretion are:

(i) whether the material will aid the jury in a proper consideration of the case;

(ii) whether any party will be unduly prejudiced by submission of the material; and

(iii) whether the material may be subjected to improper use by the jury."

In *Thomas, supra,* upon which the appellant relies, we reversed a first degree murder conviction because the trial court permitted to be taken into the jury room two out-of-court statements of the State's principal witness which conflicted with his in court testimony. We considered the following factors in determining error had occurred: (1 because the statements had been admitted solely for impeachment purposes, they were of little use to the jury; (2 because the evidence was "very conflicting", the statements were unduly prejudicial; (3 because of the statements' limited admissibility, they were subject to improper use by the jury.

However, in *Marsh v. State,* (1979) Ind., 393 N.E.2d 757, we held the trial court did not abuse its discretion in sending a shotgun, ten photographs and two sketches to the jury room. We stated at 763: "[O]ur review of these exhibits fails to show how the jury could misuse the evidence, how the defendant could be unduly prejudiced by the jury's review of the evidence or why the exhibits would not aid the jury."

More recently in *Jackson v. State,* (1980) Ind., 411 N.E.2d 609, we held the trial court did not abuse its discretion in allowing bullets removed from the victim's body, photographs of the area where the victim's body was found, a copy of the defendant's transcribed confession and a copy of one of the signed *Miranda* waivers to be taken to the jury room during deliberations. We found the appellant had failed to demonstrate an abuse of discretion regarding the transcribed confession. We supported our determination regarding the other exhibits with our opinion in *Marsh, supra.*

Appellant urges permitting the examination of photographs, admitted as substantive evidence via the silent witness theory,

as analogous to permitting a State witness to go into the jury room. Alternatively he likens such evidence as a deposition which § 5.1 of the Standards Relating to Trial by Jury (American Bar Association Project of Standards for Criminal Justice) excepts from material which the trial court in its discretion may permit being taken into the jury room. We find no merit to his arguments. Appellant concedes "the photographs would obviously aid the jury in a proper consideration of the case" to which we agree. Nor do we believe he was unduly prejudiced by the submission of the material or that the material would be improperly used by the jury. Having satisfied the guidelines set forth in *Thomas, supra,* and reiterated in *Marsh, supra* and *Jackson, supra,* we conclude the trial court did not abuse its discretion.

The trial court is in all things affirmed.

All Justices concur.