Pamela BUCK a/k/a Pamela Torres,
Appellant (Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 582S190A.

Supreme Court of Indiana.

Sept. 28, 1983.

John F. Davis, Mary Jane Humphrey, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Pamela Buck, was convicted by a jury of child molesting, a Class B felony, and child molesting, a Class C felony. She was sentenced to the Indiana Department of Correction for a period of twenty years. Her direct appeal raises the following nine issues:

1. Whether the evidence is sufficient to support the convictions:

2. Whether the trial court erred in permitting the state to amend the Information for Count I at trial;

3. Whether the trial court erred in overruling defendant's motion to dismiss Count II of the Information;

4. Whether the trial court erred in denying defendant's motion to suppress her out-of-court statements to the police;

5. Whether the trial court should have granted defendant's motion in limine; and whether the trial court erred in permitting reference to certain photographs before they were admitted into evidence;

6. Whether the trial court erred in admitting state's Exhibit 16;

7. Whether the trial court erred in admitting testimony of a medical expert witness;

8. Whether the trial court erred in admitting testimony of state's witness Captain Ballard; and

9. Whether the trial court erred in permitting state's witness to refresh his memory from notes written by another person.

An examination of the record most favorable to the state discloses that Deputy Sheriff George Ballard received a manila envelope with no return address in the mail. The envelope contained fourteen Polaroid photographs and a file card. The typewritten message on the file card identified defendant, her boyfriend, and the little girl, who was the victim in this case, as the persons in the photographs. The child's mother was also identified by her maiden name.

Two photographs depict defendant and the then three year old victim in poses involving fondling and cunnilingus. Two other photographs depict the victim nude from the waist down. In one of these photographs defendant is leaning over the child's genital area. The remaining photographs show sexual activity between defendant's boyfriend and the victim. Deputy Ballard located the victim's mother at her home in Muskogee, Oklahoma. During the trial the victim's mother testified her family lived in the same apartment building as defendant and her boyfriend. In December, 1978, defendant asked if the victim could spend the night with them. After some discussion, the parents consented. The victim's mother was not aware of any sexual activity that occurred until Deputy Ballard contacted her.

I.

Defendant first contends the evidence is insufficient to support the convictions. In part, she postures her contention as a challenge to the trial court's failure to grant her motion for judgment on the evidence at the close of the state's case in chief. However, any error here has been waived because defendant chose to present evidence in her own behalf. *Bivins v. State*, (1982) Ind., 433 N.E.2d 387; *Chambers v. State*, (1981) Ind., 422 N.E.2d 1198.

Defendant also argues the photographs depicting sexual activity between

her and the victim are insufficient to support the convictions without any supporting testimony or other evidence. This is the same argument we addressed in *Torres v. State,* (1982) Ind., 442 N.E.2d 1021, a case arising from the same incident involved here. There defendant's boyfriend was charged with child molesting based on sexual intercourse. We found the photographs sufficient to support the jury's finding that sexual intercourse occurred. To reach this conclusion we adopted the silent witness theory. *See, e.g., Bergner v. State,* (1979) Ind.App., 397 N.E.2d 1012, transfer denied, July 1, 1980. This theory permits admission of photographic evidence at trial as substantive evidence rather than merely demonstrative. No witness is required to testify that the photograph accurately represents what he or she observed. The photograph "speaks for itself." *Bergner,* 397 N.E.2d at 1015; 111 J. WIGMORE, EVIDENCE § 790 (Chadbourn rev. 1970). In *Torres,* 442 N.E.2d at 1024, we quoted from *Bergner,* 397 N.E.2d at 1012, the following standard for admissibility of photographs as substantive evidence:

"Despite our reluctance to formulate absolute standards for the admissibility of photographs as substantive evidence, we feel compelled to require proof the photograph has not been altered in any significant respect. This is necessary to avoid the dangers of misrepresentation or manufactured evidence which are possible through composite or retouched photographs. Additionally, we suggest a few non-mandatory guidelines for the admission of photographs under the silent witness theory. The date the photograph was taken should be established in certain cases, especially where the statute of limitations or the identity and alibi of the defendant are in question."

*Id.,* at 1017.

■ As in *Torres,* the record here contains substantial evidence eliminating any danger of misrepresentation. The state introduced uncontroverted evidence that the Polaroid photographs were not altered or retouched. The victim's mother identified her daughter, defendant, and defendant's boyfriend as those persons in the photographs. Based on her knowledge of defendant's apartment, the victim's mother also identified the background of the photographs as defendant's residence. She also approximated the date the photographs were taken. We believe this evidence was sufficient to sustain the verdict.

## II.

■ Defendant next contends the trial court erred in permitting the state to amend the Information for Count I at trial. The state sought and was granted permission to amend what it called a typographical error. Defendant objected and moved for a continuance which was denied. The amendment changed the section of the Indiana Code from § 35–42–4–2 to § 35–42–4–3 (Burns 1979). The former section prohibits unlawful deviate conduct while the latter prohibits child molesting. The substance of the charge remained unchanged and contained allegations of acts which constitute child molesting.

The Indiana statute controlling amendment procedure reads in pertinent part:

"(a) An indictment or information which charges the commission of an offense shall not be dismissed but may be amended on motion by the prosecutor at any time because of any immaterial defect, including:

"(1) any miswriting, misspelling or grammatical error;

\* \* \* \* \* \*

"(9) any other defect which does not prejudice the substantial rights of the defendant.

\* \* \* \* \* \*

"(c) Upon motion of the prosecutor the court may at any time before, during, or after the trial permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant."

Ind.Code § 35–3.1–1–5 (Burns 1979).

Defendant now argues that the correction by amendment completely changed the

nature of the crime, the substance of the crime, and her available defenses. We find this contention untenable. Upon examining the charge in the Information, we find that defendant knew or should have known she was being charged with child molesting. The charge contains all the elements found in Ind.Code § 35–42–4–3, the child molesting statute. Unlawful deviate conduct under Ind.Code § 35–42–4–2 requires a showing of either "compulsion," "unawareness," or "disability." None of these elements is even remotely alleged in the Information. Moreover, a further examination of the charge shows that on the reverse side of the Information the section of the code is shown as Ind.Code § 35–42–4–3 and the complaint is for child molesting.

Thus, we find that defendant was adequately apprised of the charge of child molesting and was not substantially prejudiced by the amendment needed to correct a typographical error. There was no reversible error here.

### III.

■ Defendant was charged with and convicted of two counts of child molesting. In Count I the charge was for performing deviate sexual conduct under Ind.Code § 35–42–4–3(a) and in Count II for fondling and touching with intent to arouse sexual desires under Ind.Code § 35–42–4–3(b). Defendant now argues that the trial court erred in overruling her motion to dismiss Count II of the Information. Her argument is based on the theory that Count II was a lesser included offense of Count I of the Information. We disagree.

Indiana's child molesting statute in pertinent part provides:

"(a) A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a class B felony.

  *    *    *    *    *    *

"(b) A person who, with a child under twelve (12) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a class C felony."

Ind.Code § 35–42–4–3 (Burns 1979). "Deviate sexual conduct" in subsection (a) is specifically defined in Ind.Code § 35–41–1–2 (Burns 1979) as "an act of sexual gratification involving a sex organ of one person and the mouth or anus of another person." It is evident the child molesting statute embraces three distinct types of child molesting by encompassing the acts of sexual intercourse, deviate sexual conduct, and fondling or touching with intent to arouse sexual desires. Clearly different acts and elements are required to be proven in each case and the defensive posture would not be the same since the prosecution would necessarily proceed under different theories and proof. Just as deviate sexual conduct and sexual intercourse are two different acts, *see, e.g., Dixon v. State,* (1981) Ind.App., 425 N.E.2d 673, deviate sexual conduct under subsection (a) and touching or fondling with intent to arouse sexual desires under subsection (b) are two separate and distinct crimes, neither of which would be a lesser included offense of the other. There was no reversible error here.

### IV.

Defendant's next claim of error involves the admission into evidence of a pretrial confession. Defendant was arrested on July 9, 1981, at about 6:00 a.m. at her residence. After the arresting officer read her *Miranda* rights, she was taken to jail. There her *Miranda* rights were read again. After she signed the form and said she did not want a lawyer, she gave a statement to Officers Ballard and Sibbitt concerning her involvement in the photographs. Prior to trial, the court denied defendant's motion to suppress these statements. Defendant testified at trial that the night before she was arrested she and her boyfriend had smoked more than ten but less than fifteen marijuana cigarettes and when arrested she was still under the influence of the drug. De-

fendant now argues that the confession itself was involuntary because she was under the influence of marijuana at the time she confessed.

We review a question of this nature on appeal as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial probative evidence to support the trial court's finding. *Taylor v. State,* (1980) Ind., 406 N.E.2d 247; *Baker v. State,* (1980) Ind., 400 N.E.2d 137. Furthermore, we stated in *Phillips v. State,* (1981) Ind., 425 N.E.2d 119, 121:

"When a defendant challenges the voluntariness of his confession by alleging that he was under the influence of drugs, he must introduce evidence from which it could be concluded that the amount and nature of drugs consumed could produce an involuntary statement. This then would be just one factor to be considered by the trier of fact in determining whether a statement was voluntary."

Here, there is no evidence in the record from which one could conclude that if, in fact, the drugs were taken they were of the kind or amount that would possibly produce an involuntary confession. Furthermore, Officer Ballard testified that defendant was coherent and did not appear high on drugs either at her home or after they returned to jail. We think the defendant has failed to show that the trial court was clearly erroneous in its determination that she voluntarily confessed.

## V.

Defendant next contends that the trial court erred in denying her motion in limine. She sought to prohibit the introduction of photographs depicting the criminal acts of another person. Those exhibits were admitted as part of a series of photographs taken by defendant of her boyfriend and the victim and were contemporaneous with pictures taken by him of defendant and the victim.

It is well settled that the trial court has wide discretion in determining the admissibility of photographic evidence and its rulings will be disturbed upon appeal only where admission resulted in prejudice to defendant. *Rowan v. State,* (1982) Ind., 431 N.E.2d 805; *Hedrick v. State,* (1982) Ind., 430 N.E.2d 1150. Moreover, as we stated in *McCabe v. State,* (1979) Ind., 396 N.E.2d 895, 897–98:

"In addition, this State recognizes the *res gestae* exception to the rule that evidence of one crime is not admissible to prove another. 'The *res gestae* is not confined to the acts charged, but includes acts, statements, occurrences, and circumstances which are substantially contemporaneous with the main fact.' *Gross v. State,* (1977) 267 Ind. 405, 407, 370 N.E.2d 885, 887, *citing Kiefer v. State,* (1960) 241 Ind. 176, 169 N.E.2d 723, *cert. denied,* (1961) 366 U.S. 914, 81 S.Ct. 1089, 6 L.Ed.2d 238."

Here, all the photographs were taken at the same time and place and constitute the full story of what actually happened. Furthermore, the pictures taken by defendant of her boyfriend and the victim are relevant to show her involvement in the incident. The jury could reasonably infer from her participation that she possessed the requisite intent to satisfy her sexual desires. The trial court properly admitted all the photographs even though defendant was not pictured in some of them.

Defendant also argues that reversible error occurred when the trial judge allowed two witnesses to refer to the photographs before they were admitted into evidence. However, since the trial court ruled the photographs themselves admissible and we have upheld that ruling here, the prior testimony did not prejudice the defendant's substantial rights. There was no reversible error.

## VI.

Defendant next contends the trial court erred in admitting State's Exhibit 16, the file card on which the defendant's name, the victim's name, and the victim's mother's name were listed. She argues

that the evidence was inadmissible hearsay. It is not discernible from the record why the trial judge overruled defendant's objection at trial. However, the state now claims the trial court correctly ruled the evidence to be admissible as part of the *res gestae* and to show why Officer Ballard acted on the information as he did.

We also addressed this question in *Torres v. State,* (1982) Ind., 442 N.E.2d 1021, a case arising from the same incident involved here. Defendant objected to admission of the same file card on hearsay grounds. The trial court alternatively ruled the evidence to be admissible as part of the *res gestae* and to show why Officer Ballard acted on the information as he did. We rejected this rationale and held that the trial court erroneously ruled the card was admissible. The card was not admissible as part of the *res gestae* because the written statement on the card was made two years after the offense charged and constituted no part of it. Nor did we believe the statement was admissible to show why the police officer acted as he did. Any explanation of Officer Ballard's conduct in his investigation would have been properly limited to his testimony that he followed leads provided by the card. The file card itself was inadmissible hearsay. We reach the same conclusion here.

However, though the trial court improperly admitted the file card, the error committed was harmless error. The record contains other evidence which sufficiently identifies defendant. The victim's mother identified her daughter, defendant's boyfriend, and defendant as the people in the photographs. She also identified defendant's residence as the background of the photographs. Moreover, defendant admitted the photographs depict her as disclosed by Officer Ballard's testimony. In view of these facts, there was no reversible error in this regard.

## VII.

Defendant next contends the trial court erred in permitting the state to ask an expert witness, Dr. David Holajter, about what defendant said during the course of his examination of her. She argues that the questions called for irrelevant information and could only prejudice the jury. We disagree.

"Evidence is relevant if it is material to an issue in the case and tends to make a desired inference more probable." *Smith v. State,* (1981) Ind., 419 N.E.2d 743, 746. "Evidence having some tendency to prove a material fact is relevant." *Turpin v. State,* (1980) Ind., 400 N.E.2d 1119, 1122. Moreover, this Court has held the trial court is accorded wide latitude in ruling on the relevancy of evidence, *Begley v. State,* (1981) Ind., 416 N.E.2d 824; *Snider v. State,* (1980) Ind., 412 N.E.2d 230. If the evidence only inconclusively connects the defendant with the crime, this goes to the weight, not the admissibility, of the evidence. *Johnson v. State,* (1980) Ind., 400 N.E.2d 132.

With these guidelines in mind, we turn to the specific questions to which defendant objected. The state first asked Dr. Holajter whether defendant made any reference to the position of the parties in the incriminating photographs. Defendant suggests that this question is irrelevant to the charge of child molesting. On the contrary, the position of the defendant and the victim is highly relevant to the issue whether defendant actually "touched and fondled" the victim and whether she committed an act of "deviate sexual conduct."

The state then asked Dr. Holajter whether taking pictures for later sexual pleasure would be an act of sexual gratification. We do not believe it was improper for the trial judge to permit the expert witness to answer this question. The expert's opinion here could aid the jury in addressing a relevant issue in this case— namely, whether defendant committed the act of "touching and fondling" with the intent to arouse or satisfy her sexual desires.

The state finally asked the witness what he would conclude from defendant's denial that physical contact occurred when, in fact, it did occur. Defendant argues that the question is an improper hypothetical

one because it assumes that physical contact occurred. Defendant correctly cites *Brandon v. State,* (1979) Ind., 396 N.E.2d 365, for the proposition that hypothetical questions based on facts not in evidence cannot be proof of any issue. However, *Brandon* is inapposite here because physical contact could be deduced from the photographs previously admitted into evidence. Thus, there was no reversible error here.

## VIII.

Defendant also argues that the trial court erred in permitting Officer Ballard to testify as to the following facts: that he filed an affidavit against defendant; that he signed an information against defendant; that a warrant was issued for defendant charging her with child molesting; and that defendant had been placed under arrest. Defendant claims that Ballard was not competent to testify about these facts, that the testimony was irrelevant to the issues in the case, and that the jury was misled to construe this as evidence of defendant's guilt. We find no merit in this argument.

■■■■ Witnesses are competent to testify only to matters about which they have personal knowledge, *Tenta v. Guraly,* (1966) 140 Ind.App. 160, 221 N.E.2d 577. The record shows that Officer Ballard was intimately connected with the procedural steps taken to bring defendant to trial. Clearly he had personal knowledge of these matters and was competent to testify about them.

■■■ The trial court has discretion with respect to the reception of evidence; its rulings will be disturbed on appeal only where such discretion has been plainly abused. *See, e.g., Stewart v. State,* (1982) Ind., 442 N.E.2d 1026. Though we agree with defendant that what a person is charged with is not evidence of guilt, we think the trial judge did not clearly abuse his discretion in admitting the evidence in question. Moreover, during direct examination of Officer Ballard, the trial judge gave the following cautionary instruction to the jury:

"I agree with that but I'll let him ask the questions, Mr. Davis, for the purpose of background material. The jury is instructed that what anybody charges someone with, as we've previously discussed, is not evidence of guilt, it is evidence of the procedural method by which criminal cases are brought to trial. Only the jury can determine whether or not the defendant is guilty."

Any possible prejudice here was negated by this timely instruction to the jury. The trial judge did not abuse his discretion in permitting Ballard to testify.

## XI.

■■■ Defendant finally contends that the state improperly used notes prepared by Officer Sibbitt during direct examination of Officer Ballard. He asserts that a witness cannot refresh his memory with another person's notes without greatly damaging defendant's right to cross-examine the witness.

An examination of the record discloses that the notes in question were made by Officer Sibbitt and recorded the conversation between Officer Ballard and defendant. In direct examination the notes were solely used to refresh Officer Ballard's memory and were not in themselves submitted as substantive evidence. This Court established the foundational requirements for using a written memorandum to refresh a witness's recollection in *Clark v. State,* (1853) 4 Ind. 156, 157:

"A witness may be permitted to refresh his memory of facts, by referring to a written memorandum, *written either by himself or by another,* at or near the time of the occurrences; but the memorandum cannot be substituted in the stead of the recollection of the witness.

"If an inspection of the writing recalls to the mind of the witness facts which he had previously known, but which had, at the moment, escaped his recollection, he can then testify to such facts as being within his own personal knowledge." [emphasis added]

Here, the notes merely served as a jog to Officer Ballard's memory and need not

have been prepared by him. Defendant's right to cross-examine witnesses was not diminished since Ballard testified that the information conveyed by the notes was within his own personal knowledge. There was no reversible error here.

For all the foregoing reasons, there was no reversible error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.