**Tonell BOYD, Jr., Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1283S449.**

Supreme Court of Indiana.

Nov. 26, 1985.

Stanley W. Jablonski, Merrillville, Richard C. Wolter, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was found guilty by a jury of Rape, a Class A felony. The court imposed a thirty (30) year term of imprisonment.

The facts are: At about 9:30 a.m., on January 19, 1983, T.P. was alone in her parents' home in East Chicago, Indiana. She was preparing to attend her college classes when she heard a knock at the. door. There she found appellant, with whom she was acquainted. T.P. told him she would soon be leaving to attend class.

Appellant nevertheless entered the house. He began slapping and beating T.P. Continuing to strike T.P. with his hands, appellant forced her to go into her bedroom and ordered her to disrobe. He attempted to rape T.P., but was unable to do so due to her efforts to resist.

After his unsuccessful attempt to have sexual relations with T.P., appellant left the bedroom and went into the kitchen to procure a knife. T.P. locked the bedroom door and tried to escape through a window. Appellant broke through the locked door and compelled T.P. at knife point to return to the bed, where he raped her.

Appellant then told T.P. to dress and to accompany him to her car. He took T.P. to the home of his friend, who rode with them as they drove around the city. During that time T.P., as well as appellant's friend, discovered a knife wound on T.P.'s neck. They eventually persuaded appellant to drive to a hospital. T.P. was treated for two knife wounds and examined for evidence of a sexual attack. She informed hospital employees that appellant was her assailant.

Appellant raises two issues concerning alleged violations of the trial court's discovery order. He first contends the court erred in denying his motion to exclude testimony pertaining to an oral admission and the *Miranda* waiver form signed by him immediately prior to giving the statement to police. Appellant argues the prosecution's failure to provide him with copies of the waiver of rights form and a written summary of the statement was so prejudicial as to compel exclusion of the evidence.

■ "When the State violates a proper discovery order, the trial court has wide discretion to remedy the transgression." *Carson v. State* (1979), 271 Ind. 203, 206, 391 N.E.2d 600, 602. Generally, an order compelling disclosure and a continuance are the appropriate remedies. *Hurley v. State* (1983), Ind., 446 N.E.2d 1326. Exclusion is appropriate only when the prosecution has blatantly and deliberately refused to comply with the discovery order. *Averhart v. State* (1984), Ind., 470 N.E.2d 666, cert. denied (1985), —— U.S. ——, 105 S.Ct. 2051, 85 L.Ed.2d 323.

During direct examination of Detective Sebastian Puntillo of the East Chicago Police Department, the prosecution offered into evidence a copy of the waiver of rights form signed by appellant prior to making an oral statement to Detective Puntillo. The substance of the statement was that appellant had fought with T.P. and attempted to have sexual relations with her,

but ceased when she refused to comply. Appellant objected to the admission of the waiver form and moved to exclude the exhibit and any evidence of the oral statement.

 The court conducted a hearing outside the presence of the jury. In reviewing the discovery materials, the court noted that a list provided to appellant included the name of Detective Puntillo and the fact that he had been told by appellant of his attempt to have sexual relations with the victim. The court denied appellant's motion. Detective Puntillo did subsequently testify concerning the oral admission.

The court did not err in denying the motion to exclude in that the prosecutor had notified appellant of the name of the witness and of the existence of an oral admission. *Averhart, supra.*

 Under the circumstances, appellant would have been entitled to no more than a continuance. *See Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149. The State correctly points out that appellant failed to alternatively request a continuance upon moving to exclude the allegedly surprise evidence. The failure to do so, where a continuance may possibly be the appropriate remedy, constitutes a waiver of any error pertaining to noncompliance with the discovery order. *Sparks v. State* (1979), 271 Ind. 419, 393 N.E.2d 151.

Appellant also alleges error in the denial of his motion to exclude certain exhibits, namely photographs depicting the crime scene and the wounds sustained by the victim. The motion to exclude was premised on the allegation that he was shown the photographs only one business day prior to trial and had previously been led to believe there were no such photographs in the possession of the prosecution.

 At a deposition several months earlier, the deputy prosecutor originally assigned to the case represented to defense counsel that there were no photographs of the crime scene. The deputy prosecutor who actually tried the case subsequently learned, several days before the commencement of trial, that the police did in fact have such photographs. On Friday, August 5, 1983, the deputy prosecutor so informed defense counsel. On August 9 defense counsel moved to exclude the exhibits on the ground the prosecution had misled the defense regarding the existence of the photographs.

The trial court denied the motion, finding that the prosecution, upon learning of the existence of the photographs, made a good faith effort to immediately notify defense counsel. Exclusion of the evidence was clearly not the appropriate remedy. *Averhart, supra.*

Appellant explicitly declined to seek a continuance, thus waiving the issue. *Sparks, supra.* Further, there is no showing that appellant was substantially prejudiced by the admission of the exhibits. *See Harris v. State* (1981), Ind., 425 N.E.2d 112. We find no error in the denial of appellant's motion to exclude the evidence.

The trial court is in all things affirmed.

All Justices concur.