Frank STARK, Appellant,

v.

STATE of Indiana, Appellee.

No. 684S246.

Supreme Court of Indiana.

Feb. 20, 1986.

Thomas J. Herr, Saul I. Ruman & Associates, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hanson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

. Appellant was found guilty in a jury trial of Robbery, a Class A felony, and Confinement, a Class B felony. The court imposed concurrent sentences of forty (40) years and fifteen (15) years on the respective convictions.

The facts are: On December 6, 1982, Dennis Michael McCoy, a home builder and real estate broker in Dyer, Indiana, drove to 2547 Castlewood in Dyer to show one of his houses to a potential buyer. When he arrived at approximately 2:00 p.m., he found two men waiting. One of the men was appellant, who introduced himself as Jon Scalzetti.

McCoy proceeded to take the two men through the house. As he was showing them the kitchen, the accomplice pulled out a handgun and held it to McCoy's head. The two men took McCoy's wallet, gold watch, leather coat and $1,300 in cash.

Appellant led McCoy downstairs where he attempted to handcuff him with his back to a steel support beam. Because the handcuffs were too small for McCoy's wrists, appellant instructed him to turn around. Appellant managed to handcuff McCoy with his arms around the steel beam. He asked McCoy for the code number of his automatic teller machine card. McCoy could not remember the number but nonetheless ventured a guess.

Appellant then left. He returned about twenty minutes later and accused McCoy of lying to him about the code number. The two men finally left, with McCoy still handcuffed in the basement. He was freed by Dyer police officers about two hours later.

Detective Rick Barnes of the Dyer Police Department contacted David Crawford, the head of security for the Calumet National Bank, to obtain the photographs taken by

the automatic camera in the bank machine at the Schererville branch between the hours of 2:00 and 4:00 p.m. on the day of the robbery. Detective Barnes showed the photographs to McCoy and his secretary, Connie Poole, who had seen appellant in McCoy's office. Both selected the same photograph. McCoy and Poole again selected a photograph of appellant from an array subsequently shown to them by Detective Barnes.

Appellant contends the trial court erred in admitting into evidence State's Exhibit No. 1, a photograph depicting bruises on McCoy's wrists. He argues the exhibit should have been excluded because the prosecution intentionally violated the trial court's discovery order.

The photograph was offered during direct examination of McCoy. Appellant's objection was made on the ground that he had no knowledge of the existence of the photograph until that moment. The deputy prosecutor responded that he had learned of the existence of the year-old photograph only the previous week and had received a print on the day before the trial. He further explained to the court that he had failed to immediately provide the photograph to defense counsel for inspection because defense counsel had been in court the entire day.

A trial court has wide discretion in ruling on violations of its discovery order. The trial judge is in the best position to determine what harm, if any, evolved and what the proper remedy should be. *Carson v. State* (1979), 271 Ind. 203, 391 N.E.2d 600. Exclusion may be required where the violation is grossly misleading or demonstrates bad faith; however, an order compelling disclosure and a continuance are generally the appropriate remedies. *Hurley v. State* (1983), Ind., 446 N.E.2d 1326.

We do not agree with appellant's assertion that the circumstances described above clearly demonstrate bad faith. Failure to alternatively request a continuance upon moving to exclude evidence, where a continuance may be the appropriate remedy, constitutes a waiver of any alleged error

pertaining to noncompliance with the court's discovery order. *Boyd v. State* (1985), Ind., 485 N.E.2d 126; *Sparks v. State* (1979), 271 Ind. 419, 393 N.E.2d 151. Appellant did not so move, and has not alleged on appeal that a continuance to meet the evidence would not have been sufficient.

Even assuming *arguendo* the prosecution intentionally violated the discovery order, appellant has failed to show substantial prejudice. *See Hurley, supra.* His argument that he was unprepared to rebut any evidence of bodily injury, which is necessary to elevate the offense of robbery to a Class A felony, is unavailing. The element of causing bodily injury was clearly set out in the charging information. The photograph merely demonstrated the injury described by three witnesses. We find no abuse of discretion in the admission of the exhibit.

Appellant contends the trial court erroneously admitted State's Exhibit No. 3, a folder containing a number of photographs shown to McCoy by Detective Barnes. He argues the photographs were impermissible mug shots.

The court examined the exhibit and determined that because the photographs had "no name, no identification number, no indication of prior arrest" they did not fall within the "classic definition" of mug shots. The court's assessment, as well as its determination that the photographs were not unduly prejudicial, was correct. The photographs contain no markings or writings that would indicate they were taken by the police. *Lawrence v. State* (1980), 274 Ind. 468, 412 N.E.2d 236. The exhibit had evidential value in relation to other photographs admitted and to the issue of the pretrial identification of appellant. The court did not err in admitting the exhibit.

Appellant alleges error in the admission of State's Exhibit No. 5, a set of photographs, one of which depicted appellant, taken by an automatic camera in the automatic teller machine. He contends the

foundation laid was insufficient to permit admission of the exhibit.

Under the "silent witness theory," a photograph may be admissible as substantive evidence, with no requirement that a witness testify that the photograph is an accurate representation, because the photograph speaks for itself. *Torres v. State* (1982), Ind., 442 N.E.2d 1021; *Bergner v. State* (1979), Ind.App., 397 N.E.2d 1012. The foundational requirements for admission of photographs under this theory are not absolute, in that the context in which each photograph is taken and its use at trial will differ; nevertheless, a strong showing of the photograph's competency and authenticity must be established. *Torres, supra.* Whether a sufficiently strong foundation has been laid is left to the sound discretion of the trial court. *Bergner, supra.*

Crawford testified that the automatic camera is activated when a bank customer inserts the card into the teller machine and that while in a completed transaction there would be a total of three photographs taken, there was only one photograph of appellant because the teller machine would not complete his attempted withdrawal due to the improper code number. He pointed out that the date, the time of the transaction and the number of the transaction were imprinted on the film and that the transaction number on the photograph of appellant corresponded exactly to the transaction number on the teller machine audit tape. Crawford also testified that the photographs were taken by the automatic camera at the Schererville branch, based on his identification of the branch code number on the film and of the area behind the persons depicted.

Such testimony was sufficient to establish the competency and authenticity of the photographs. The trial court did not abuse its discretion in admitting the exhibit.

 Appellant alleges further error in the admission of State's Exhibit No. 6, an audit tape from the automatic teller machine. He claims that such a machine-created original entry cannot meet the foundational requirements of personal knowledge and duty necessary for the admission of hearsay evidence under the business record exception.

Appellant's claim is without merit. "[B]usiness records are admissible in evidence as an exception to the hearsay rule because the fact that they are regularly maintained records upon which the company relies in conducting its business assures their trustworthiness." *Brandon v. State* (1979), 272 Ind. 92, 97, 396 N.E.2d 365, 370. In *Brandon,* in which we found that records stored on a computer and printed on demand come within the scope of the business record exception, it was stated that this rule of evidence has evolved on a case-by-case basis to keep pace with the current technology of business record keeping. *Id.*

We find that the scope of the exception also encompasses machine-created original entries such as the audit tape produced by the automatic teller machine. The foundational requirements set out in *Brandon* are applicable to these records. Before the records can be admitted, it must be shown that: 1) the electronic equipment is standard; 2) the entries are made in the regular course of business at or near the time the transaction occurred; and 3) the testimony regarding the creation and storage of the records is adequate to indicate their accuracy and authenticity. *Id.* at 98, 396 N.E.2d at 370.

Crawford testified that the bank had nine automatic teller machines, and it is common knowledge that similar equipment is widely utilized in the banking industry. Crawford also testified the record on the audit tape is produced upon insertion of the card into the machine. He further stated that in the course of a completed transaction, the teller machine records on the audit tape the date, time, card number, customer account number, transaction number and type and amount of transaction. That testimony constituted a sufficient foundation for admission of the evidence under the business record exception to the hearsay rule.

Appellant contends the conviction for robbery is not supported by sufficient evidence. He argues there is no evidence that he knowingly or intentionally caused bodily injury.

Under the applicable statute, robbery is a Class A felony if it results in bodily injury. Ind.Code § 35–42–5–1 (1982). The statute does not require proof that the defendant knowingly or intentionally caused bodily injury. If there is any injury arising as a consequence of the conduct of the accused, the offense is regarded as a Class A felony. *Bailey v. State* (1980), 274 Ind. 318, 412 N.E.2d 56.

McCoy testified that appellant's confining him with handcuffs too small for his wrists resulted in scarring that remained for six months. There was sufficient evidence to support the conviction of robbery as a Class A felony.

Appellant contends that in determining his sentences, the trial court erroneously considered pending charges not reduced to convictions, failed to specify the dates of those charges and failed to consider mitigating circumstances. He further contends the sentences are manifestly unreasonable and constitute cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

The court imposed enhanced sentences for both convictions. The court made an adequate and particularized statement of the aggravating circumstances considered, specifically that appellant: had violated the conditions of a pretrial release granted in Pennsylvania in 1982; had a history of criminal activity reflected by charges pending in Pennsylvania, New Jersey, Texas and Florida; and was in need of correctional and rehabilitative treatment best provided by commitment to a penal facility, based on his avoidance of criminal responsibility by constantly moving state-to-state in continuous criminal enterprises since 1982.

It is proper for a sentencing court to consider evidence of prior criminal conduct not reduced to convictions as part of a defendant's criminal history. *See, e.g., Chamness v. State* (1983), Ind., 447 N.E.2d 1086; *Jackson v. State* (1981), Ind., 426 N.E.2d 685. The fact that the court did not specify the exact dates of the pending charges does not render its statement deficient, in that the court expressly noted the nature of the charges and the various jurisdictions in which they had been filed "since 1982."

As to the purported mitigating factors, appellant argues the court neglected to consider his lack of intent to cause injury, the "minor" nature of that injury and the fact that he had led a crime-free life for nearly forty years. A finding of mitigating circumstances is made within the discretion of the trial court. *Cornelius v. State* (1981), Ind., 425 N.E.2d 616. The court has no absolute duty to negative potentially mitigating circumstances. *Frappier v. State* (1983), Ind., 448 N.E.2d 1188. The court made adequate findings as to the aggravating circumstances and did not abuse its discretion in enhancing the sentences.

The trial court is in all things affirmed.

DeBRULER and DICKSON, JJ., concur.

SHEPARD, J., concurs in result with separate opinion.

PIVARNIK, J., not participating.

SHEPARD, Justice, concurring in result.

Barely two years ago, this Court held that admitting a Regiscope photograph is reversible error if the State does not submit as foundation any evidence about the manner in which the photograph was processed or provide a complete chain of custody for the exhibit. *Groves v. State* (1983), Ind., 456 N.E.2d 720.

Today, the Court holds that admission of such a photograph was proper although the State provided neither evidence about the manner in which the photograph was processed nor a complete chain of custody. Understandably, there is no mention of *Groves.* I am reminded of what Professor J. William Moore told me about one of our

sister states: "You can find precedent there on both sides of every question."

While I join in today's decision because I regard the other evidence of Stark's guilt as overwhelming, I think the majority's decision leaves the trial bench and the bar completely at sea on the requirements for admission of a photograph under the "silent witness" rule. The next time a photograph is offered, should the trial judge require proof of chain of custody or not?