**Dennis KNIGHT, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

No. 71A03–8601–CR–27.

Court of Appeals of Indiana,
Third District.

July 28, 1986.

Paul James Newman, South Bend, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

HOFFMAN, Judge.

A jury found appellant Dennis Knight guilty of robbery, a Class C felony. He was sentenced to 8 years imprisonment to be served consecutive to a 16–year sentence imposed approximately one year earlier. Appropriate aggravating factors were articulated to justify the increased sentence.

Knight appeals raising two issues for review:

   (1) whether the trial court erred in admitting into evidence photographs from an automatic camera; and

   (2) whether there is sufficient evidence to support the conviction.

At trial, the State presented the testimony of two tellers who were working at the victimized bank on May 2, 1983 when the robbery occurred. Each teller recounted the events of the robbery. Each teller described the man who perpetrated the crime. Each teller made an in-court identification of Knight as the perpetrator. Each teller testified as to a previous identification of a photograph of the robber selected from police department photograph books, which photograph was that of Dennis Knight. Finally, each teller authenticated photographs from an automatic camera. Each teller testified the photographs were true and accurate representations of the bank on May 2, 1983 at approximately 4:00 P.M., and each described the events depicted in each photograph. The photographs were then admitted into evidence over the objection of the defendant.

Relying on *Groves v. State* (1983), Ind., 456 N.E.2d 720, Knight alleges the photographs were improperly admitted because a proper foundation was not laid due to a failure to establish a chain of custody for the film and photographs. However, even assuming, but not deciding, that the photographs were admitted as substantive evidence and thus require a greater indicia of authenticity than that evidence admitted only for demonstrative purposes, a sufficient foundation was established.

In *Bergner v. State* (1979), Ind.App., 397 N.E.2d 1012, *reh. denied, trans. denied,* this State approved the use of photographs as substantive evidence. The Court noted that although the basic foundation necessary for admission of substantive evidence would be vastly different from that required for demonstrative evidence, absolute requirements would not be beneficial. The Court then stated:

"We therefore hold only that a strong showing of the photographs' competency and authenticity must be established. Whether a sufficiently strong foundation has been laid is left to the sound discretion of the trial court, reviewable only for abuse. However, we stress our use of the adjective 'strong.' Photographs tend to have great probative weight and should not be admitted unless the trial court is convinced of their competency and authenticity to a relative certainty." *Bergner*, 397 N.E.2d at 1017.

The Court then "suggest[ed] a few non-mandatory guidelines" for admission of such evidence. *Bergner, supra,* 397 N.E.2d at 1017. The Court suggested that in connection with photographs from automatic cameras and regiscopes, there be evidence of how and when the camera was loaded, how frequently it was activated, when the photographs were taken and the processing and chain of custody of the film after removal from the camera. *Bergner, supra.*

In *Groves* these non-mandatory suggestions for laying a proper foundation for admission of photographic evidence from a regiscope were quoted from *Bergner* and the Court held the photographs were improperly admitted due to lack of foundation.

"The State did not meet the foundational requirement or the guidelines of *Bergner,* as hereinbefore set forth. No evidence was submitted with respect to the processing of the film, and there were missing links in the chain of custody evidence. Therefore, the possibility of significant error or artifice was not eliminated. Whether or not the photograph portrayed the Defendant was a matter of credibility and weight, but before the evidence became competent, it had to be established, to a relative certainty, that the person portrayed in the photograph was, indeed, the one who negotiated the check. We are of the opinion that the requirement set forth in *Bergner* that the proponent of the evidence first prove that it has not been altered in any significant respect is sound and was not met in this case." *Groves, supra,* 456 N.E.2d at 723.

The problem with the evidence presented in *Groves* was therefore a failure to connect the photograph to the negotiation of a check, the criminal act, at the time and place alleged by the State. There was no testimony to connect the illegal negotiation to the events depicted in the photograph.

In the present case there was testimony by the two tellers to the effect that the photographs were authentic representations of the bank and the incidents of the robbery on May 2, 1983. They then connected the defendant to the same events by identifying him as the perpetrator and the person depicted in the photographs. In addition each photograph indicates the date and time of the exposure. Thus this case is more akin to the recent case of *Stark v. State* (1986), Ind., 489 N.E.2d 43, where the defendant was found guilty of robbery by way of fraudulent use of an automatic teller machine. There was an automatic camera photograph of the transaction. The photograph was introduced into evidence and Stark claimed error due to insufficient foundation. The Court stated:

"Under the 'silent witness theory,' a photograph may be admissible as substantive evidence, with no requirement that a witness testify that the photograph is an accurate representation, because the photograph speaks for itself. *Torres v. State* (1982), Ind., 442 N.E.2d 1021; *Bergner v. State* (1979), Ind.App., 397 N.E.2d 1012. The foundational requirements for admission of photographs under this theory are not absolute, in that the context in which each photograph is taken and its use at trial will differ;

nevertheless, a strong showing of the photograph's competency and authenticity must be established. *Torres, supra.* Whether a sufficiently strong foundation has been laid is left to the sound discretion of the trial court. *Bergner, supra.*" *Stark,* 489 N.E.2d at 47.

The Court found a sufficient foundation relying on the following evidence garnered from the testimony of the bank's security officer:

"Crawford testified that the automatic camera is activated when a bank customer inserts the card into the teller machine and that while in a completed transaction there would be a total of three photographs taken, there was only one photograph of appellant because the teller machine would not complete his attempted withdrawal due to the improper code number. He pointed out that the date, the time of the transaction and the number of the transaction were imprinted on the film and that the transaction number on the photograph of appellant corresponded exactly to the transaction number on the teller machine audit tape. Crawford also testified that the photographs were taken by the automatic camera at the Schererville branch, based on his identification of the branch code number on the film and of the area behind the persons depicted." *Stark, supra,* 489 N.E.2d at 47.

■ In the case at bar, the photographs indicate the date and time of exposure. The witnesses authenticated the photographs by testifying to their accurate representation of the bank and robbery. This was sufficient to establish the competency and authenticity of the photographs as required by *Stark* and to eliminate the possibility of significant error or artifice as required by *Graves.* No further foundation was necessary and the photographs were properly admitted.

■ Knight alleges there is insufficient evidence to support his conviction as the testimony of the tellers contained contradictions and Knight denied the State's evidence. Any inconsistencies in the testimony are resolved by the trier of fact and the appellate court will not reweigh the evidence. *Michael v. State* (1983), Ind., 449 N.E.2d 1094. The credibility of the various witnesses is also judged by the jury and will not be reassessed by the appellate court. *Olinger v. State* (1984), Ind., 463 N.E.2d 1385. There was sufficient evidence presented to support the trial court finding.

No error having been found, the appellant's conviction is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.