53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Frank STARK, Petitioner-Appellant,
v.
Charles MILLER, Respondent-Appellee.
 No. 94-1522.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 21, 1995.*
Decided April 25, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Frank Stark appeals the denial of his petition for habeas corpus pursuant to 28 U.S.C. Sec. 2254. Stark was convicted of Class A robbery, Ind.Code Sec. 35-42-5-1 (1979), and Class B criminal confinement, Ind.Code Sec. 35-42-3-3 (1979). Stark claims that the State violated due process by failing to timely produce a photograph of the victim's wrists, that the actions of the State and of his attorney deprived him of the effective assistance of counsel and that his sentence is unconstitutionally disproportionate.
 
 
 2
 On December 6, 1982, Stark and another man arranged to have Dennis McCoy, a home builder and realtor, show them an empty home. After the other man produced a weapon, McCoy was robbed, taken to the basement and handcuffed to a steel support beam by Stark. However, the handcuffs were too small for McCoy's wrists. After they were removed, his wrists remained scarred for six months thereafter. The State used the pain and injury caused by the handcuffs to meet to bodily injury requirement for the Class A Robbery conviction.
 
 
 3
 During his direct examination at trial, McCoy explained the nature and extent of his injuries. The prosecution then attempted to introduce Exhibit 1, a photograph of McCoy's right forearm that was taken two months after the incident and that had remained in the hands of the police for almost a full year. Defense counsel objected on the grounds that he had no knowledge of the photograph until that moment and that nothing in pretrial discovery had indicated bodily injury. The prosecutor explained that
 
 
 4
 he had learned of the existence of the existence of the year-old photograph only the previous week and had received a print on the day before trial. He further explained to the court that he had failed to immediately provide the photograph to defense counsel for inspection because defense counsel had been in court the entire day.
 
 
 5
 Stark v. Indiana, 489 N.E.2d 43, 46 (Ind.1986). Defense counsel did not seek a continuance, and the court admitted the photograph over the objection.
 
 
 6
 The Indiana Supreme Court stated that in the absence of bad faith, the failure to request a continuance waived any alleged error deriving from the failure to comply with the trial court's discovery order. Stark, 489 N.E.2d at 46. "Even assuming arguendo the prosecution intentionally violated the discovery order," the court held, "appellant has failed to show substantial prejudice." Id. The district court found that Stark had procedurally defaulted on this claim because the Indiana Supreme Court's decision provided independent and adequate state grounds and in the alternative that the photograph's admission did not deprive him of a fair trial.
 
 
 7
 Stark claims on appeal that the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), which holds that a failure by the prosecution to disclose material, exculpatory evidence violates due process. Even assuming that he is not procedurally barred from raising this claim,[1] his claim lacks merit. Stark cites Brady and its progeny for the proposition that the failure to comply with the discovery order alone violates due process. However, "[t]here is no general constitutional right to discovery in a criminal case, and Brady did not create one...." Weatherford v. Bursey, 429 U.S. 545, 559 (1977). Under Brady, the government must disclose material evidence that is favorable to the defense,[2] but "it is not necessarily required to disclose such material before trial." McGeshick v. Fiedler, 3 F.3d 1083, 1086 (7th Cir.1993) (holding that state did not deprive defendant of due process by failing to disclose impeachment material until trial). Instead, the standard for determining whether the delayed disclosure of favorable evidence violated due process is "whether the delay prevented the defendant from receiving a fair trial." Id. at 1086.
 
 
 8
 In his appellate brief, Stark does not explain how the delay prejudiced him at trial. In discounting Stark's claim that he was unprepared to rebut this new evidence, the state supreme court pointed out that the indictment apprised Stark of the element of bodily injury. Stark, 489 N.E.2d at 46. However, defense counsel chose not to depose McCoy, (Trial Tr. at 154), who could have explained the nature of his injuries and who might have informed counsel of the photo's existence. At trial, McCoy and two others testified about his injuries, and defense counsel had the opportunity to cross-examine McCoy after the photo was introduced. Furthermore, defense counsel did not seek a continuance in order to reformulate his strategy, but proceeded on with the trial. See McGeshick, 3 F.3d at 1083. In this case, the delayed disclosure did not deprive the defendant of a fair trial.
 
 
 9
 Stark's other claims also fail. Although he protested the admission of the photo-array on other grounds in district court, he did not claim that it violated his right to counsel. Thus, he may not raise the alleged Sixth Amendment violation for the first time on appeal. Drake, 14 F.3d at 355. With respect to the remaining claims, he expressly conceded them in his traverse. (R. at 16.) The district court held him to these admissions and so do we.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 In addition to default in the state court, the State also contends that in the district court, Stark only raised the trial court's erroneous admission of this evidence, and therefore he has waived his Brady claim. See Drake v. Clark, 14 F.3d 351, 355 (7th Cir.1994). However, Stark's petition states that "[t]he trial court erred by improperly admitting into evidence State's exhibit number 1 where the State violated a mutual order of discovery all in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution." (R. at 2A (emphasis added).) In his traverse, he cites Brady for the proposition that full disclosure of evidence requested by the defendant is required
 
 
 [2]
 Stark also does not attempt to explain how this photograph showing marks that lasted for months constitutes favorable evidence. See United States v. Rossy, 953 F.2d 321, 324 (7th Cir.) (holding that even if government violated Fed.R.Crim.P. 16(a)(1)(A) by failing to disclose evidence before trial, "due process requires only that the prosecution disclose evidence that is 'favorable to the accused.' ") (citation omitted), cert. denied, 502 U.S. 1120 (1992). Under a former statutory scheme that applied in Stark's case, robbery is a Class A felony if bodily injury resulted to the victim or if serious bodily injury resulted to any other person. Brown v. State, 435 N.E.2d 7, 10 (Ind.1982) (finding sufficient evidence to support bodily injury where blow to head caused pain, slight bleeding, headache and a large bump). " 'Bodily injury' means any impairment of physical condition, including physical pain." Ind.Code Sec. 35-41-1-2 (1979) (recodified as Sec. 35-41-2-4). In this case, given McCoy's testimony that the handcuffs left "scars" lasting six months, the Indiana Supreme Court held that sufficient evidence supported the verdict. Stark, 489 N.E.2d at 48