Wyvonia **CARSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 779S177.

Supreme Court of Indiana.

July 5, 1979.

 

Bobby Jay Small, Indianapolis, Daniel W. Meehan, Cincinnati, Ohio, for appellant.

Theodore L. Sendak, Atty. Gen., Victoria R. Van Duren, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

GIVAN, Chief Justice.

Appellant was convicted of cruelty to children under IC § 35–14–1–4 (repealed by Acts 1976, P.L. 148, § 24, effective October 1, 1977) and was sentenced to three months' imprisonment. The Court of Appeals reversed and remanded the cause for a new trial on the ground that the trial court permitted the State to amend the information during voir dire to the substantial prejudice of appellant's rights. *Carson v. State* (1979) Ind.App., 384 N.E.2d 620. We find no reversible error in that issue but we do find other error in the record requiring the remand of the case. We therefore grant the State's petition to transfer.

The charging information alleged that appellant "did unlawfully, feloniously and wilfully abuse said child in that she severely beat said child about the shoulders and back." During voir dire examination, the prosecutor was permitted to amend the information by substituting the words "be cruel to" for the word "abuse". The Court of Appeals held that the amendment violated IC § 35–3.1–1–5(e) [Burns 1979]. That section prohibits the State from amending an indictment or information to change the theory of the prosecution as originally stated. The reason for this holding was that under IC § 35–14–1–4, "abuse" of a child includes such acts as employing a child in an occupation dangerous to the health or morals of the child, the habitual use of obscene language or the performance of immoral acts in the presence of the child, and the disposal of the custody of the child contrary to law. The section of the statute defining cruelty, however, generally covers physical acts upon the child. Such acts as inflicting severe corporal punishment, suffering or pain upon a child, habitually tormenting a child and exposing a child to unnecessary hardship, fatigue or mental or physical strains are proscribed. The Court of Appeals reasoned that since "abuse" was charged in the information, the amendment to "be cruel to" was a change in substance rather than form. Hence, it was held the amendment prejudiced the substantial

rights of appellant and compelled a reversal. 384 N.E.2d 623.

 We cannot agree. An information need only state the crime charged in the language of the statute or in words which convey a similar meaning. In reviewing charging instruments, this Court will construe the language used in light of its common acceptance and understanding. *Heflin v. State* (1977) Ind., 370 N.E.2d 895. Here, the original information alleged that appellant "severely beat said child about the shoulders and back." The affidavit for probable cause alleged that appellant had beaten the child with the end of a fishing rod and that it had caused "welt-like markings on the upper back and on the arms and legs" of the child. It is clear that the theory of the prosecution has never changed from the outset. Appellant was charged with and was being prosecuted for physical cruelty to this child. Whether the word "abuse", "cruelty", "torture" or "torment" is used is immaterial; all of them can be taken to mean physical cruelty to a child within the meaning of the statute. The words the legislature chose are not words of art to be given strict connotations within the narrow parameters of the statutory definitions of the crimes. The information in the case at bar adequately informed appellant that she had violated the cruelty statute by physically beating the child. The amendment to bring it into conformity with the precise language of the statute was therefore one of form and not of substance. The trial court did not err in permitting the amendment.

 Appellant further argues that the court erred in denying her motion to dismiss the amended information for failure to allege the element of "unnecessarily severe corporal punishment." This element is only one of several grounds for the offense of cruelty to a child under IC § 35–14–1–2. As stated above, the information need not specifically recite the precise words of the statute so long as it adequately conveys to the defendant the conduct which allegedly has violated the statute. The charging instrument in the case at bar adequately accomplishes this. The trial court therefore did not err in overruling appellant's motion to dismiss.

Appellant next argues the trial court erred in refusing to exclude certain photographs from evidence or, in the alternative, to grant a continuance. Defense counsel had obtained a discovery order compelling the prosecutor to provide copies of photographs taken of the victim shortly after the crime if the prosecutor intended to use them as evidence at trial. The photographs were not provided. When the prosecution moved their admission in evidence at trial, defense counsel objected and requested their exclusion. The court overruled the motion. Defense counsel then moved for a continuance to allow an expert to examine the photos to determine if they had been retouched. The court again overruled the motion.

 It is within the inherent power of the trial court to guide and control the proceedings and to order the State to disclose such evidence as is properly discoverable. *Johns v. State* (1968) 251 Ind. 172, 240 N.E.2d 60. When the State violates a proper discovery order, a trial court has wide discretion to remedy the transgression.

"Obviously, the trial judge is usually in the best position to determine what harm, if any, evolved from a violation, whether or not such harm can be eliminated or satisfactorily alleviated and the dictates of fundamental fairness. Absent clear error in his decision it should not be overturned." *Reid v. State* (1978) Ind., 372 N.E.2d 1149, 1155.

In general, a defendant has two remedies when faced with a blatant violation of a discovery order. He can move for exclusion of the offered evidence if the State's action is so misleading or in such bad faith that the only way to avoid a denial of a defendant's fair trial rights is to exclude such evidence. *Reid v. State, supra.* The remedy used most often, however, is to obtain a continuance or a recess until such time as the defendant has been afforded an opportunity to examine the evidence or witness.

Morris v. State (1979) Ind., 384 N.E.2d 1022; Reid v. State, supra; Gregory v. State (1972) 259 Ind. 295, 286 N.E.2d 666.

With these principles in mind, we turn to the facts of the case at bar. The trial was set for October 6, 1977. After some communication between the prosecuting attorney and defense counsel concerning the evidence to be used by the State, defense counsel filed his motion for discovery, which motion was granted on September 21. The court ordered the prosecutor to provide to defense counsel witness lists, statements made to the police, documents and "copies of photographs allegedly taken of [the victim], a minor, on or about May 17, 1977." The prosecutor did not provide the photos to defense counsel. At trial, following objection, the prosecutor and defense counsel related different versions of a brief meeting approximately a week prior to trial. Defense counsel stated that he requested everything referred to in the motion. The prosecutor stated that he recalled no such request but conceded that defense counsel had visited him on that day to pick up the fruits of the discovery order.

■ Clearly, the prosecutor proceeded to trial in disregard of the trial court's discovery order, thereby leading the defense attorney to believe that the photographs would not be used at trial. It is true that the court in its discretion might have limited its discovery order in regard to these photographs. However, when the court undertook to order the prosecutor to provide them to defense counsel, the court also had to assume the responsibility of compelling compliance with its order. It would not comport with our views of a fundamentally fair trial to impose upon the defendant the "onerous burden of riding herd on the State to assure compliance." Butler v. State (1978) Ind.App., 372 N.E.2d 190, 195.

■ We must note that there is no indication in the record that the photos in issue were in fact tampered with in any way or that they do not depict the victim's body in an accurate manner. The evidence therefore was not inherently suspect such as would require automatic exclusion. Under such circumstances, however, the appellant should have been granted a continuance for the purposes of examining the photographs. The crux of the error in this case is that after the prosecutor disregarded the court's discovery order, the court then refused to remedy the situation by granting a continuance to allow expert examination of the photographs by the defense.

■ The trial court did permit defense counsel to have copies of the photographs overnight. However, as counsel pointed out, this was insufficient time to allow the employment of an expert for the purpose of examining the photographs. Hence we must conclude the trial court abused its discretion in failing to grant a continuance for this purpose. Although we hold that the prosecuting attorney's breach of conduct resulted in serious error at the trial, we think it inappropriate to reverse the case for a new trial on that basis alone. There is evidence other than the photographs in the record which is more than sufficient to support the verdict.

Three witnesses, all neighbors of appellant, testified that they saw the extensive bruises and welts on the victim's body on the morning of May 18, 1977; consequently, they took the victim to Dearborn County Hospital for treatment. The examining physician at the hospital testified as to his observance of multiple contusions, abrasions and bruises on the victim. This testimony was more than sufficient to establish that the victim's body had been severely brutalized. The only possible fact which could lead to an order for a new trial in this cause would be the discovery that the photographs had been retouched or altered in some manner.

If the photographs were not in fact retouched, the error in this case is harmless. If they were tampered with, a new trial must be ordered. Accordingly, it is hereby ordered that this cause be remanded to the Dearborn Circuit Court, the Honorable Henry A. Pictor, Special Judge. The court shall provide to defense counsel the photographs introduced in evidence and the nega-

**604**

tives thereof. After a reasonable time for defense counsel to employ an expert to examine them, the court shall conduct a hearing to determine if in fact the photographs were retouched. In the event the court determines that the photographs were altered, the court shall order a new trial. The Clerk of the Dearborn Circuit Court shall then certify the transcript of the hearing, the judgment of the trial court and the record of this appeal to the Clerk of this Court to be included in the permanent record of this case. The appeal shall then be ended. In the event, however, that the trial court finds no evidence of tampering, the Clerk of the Dearborn Circuit Court again shall certify the transcript of the hearing, the judgment and the record of this appeal to the Clerk of this Court. This Court will then review the finding of the trial court in accordance with our standards of appellate review, giving due regard to the prerogative of the trial court to weigh evidence and determine the credibility of witnesses.

Transfer is granted, the opinion of the Court of Appeals is vacated, and the cause is remanded in accordance with the above order.

DeBRULER, HUNTER, PIVARNIK and PRENTICE, JJ., concur.