**David SYPNIEWSKI, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 779S198.

Supreme Court of Indiana.

Feb. 28, 1980.

Harriette Bailey Conn, Public Defender, Eric F. Yandt, Deputy Public Defender, La Porte, for appellant.

Theo. L. Sendak, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. His conviction for second-degree murder was affirmed by this Court on direct appeal, *Sypniewski v. State,* (1977) 267 Ind. 224, 368 N.E.2d 1359. He now raises two issues:

1. Whether defendant was denied his due process rights to a fair trial because of the allegedly perjured testimony of one of the state's witnesses; and

2. Whether defendant was denied a fair trial due to the failure of the state to provide exculpatory evidence in the form of a police report to the defendant.

The facts from the record necessary for our discussion of these issues show that petitioner was charged and convicted with the murder of one Wayne Rollain. The shooting took place at the apartment of his former wife, Marcia Sypniewski. Prior to trial, the deposition of Marcia was taken by petitioner's counsel and this deposition was admitted into evidence at the post-conviction hearing. In the deposition, Marcia stated that she had been injured on the side of the head on the night of the crime, but she wasn't sure if petitioner had shot at her or had just thrown his gun at her. At the trial, Marcia first claimed she had been shot at by petitioner, but under cross-examination she admitted she could not testify that she was shot because she had her hands in her face and was not looking.

### I.

■ Defendant first alleges that he was denied his due process rights to a fair trial because the state allowed Marcia to testify that she had been shot on the night of the crime and that this was perjured testimony. It is clear that the knowing use of perjured testimony is fundamentally unfair and a conviction obtained by the use of such testimony will not be upheld. *Richard v. State*, (1978) Ind., 382 N.E.2d 899; *Biggerstaff v. State*, (1977) 266 Ind. 148, 361 N.E.2d 895.

However, in this case, petitioner refers to confusion and inconsistencies in the testimony of one witness which do not amount to perjury. It was clearly brought out at both the trial and the post-conviction hearing that Marcia was confused about events that happened immediately following the shooting of Rollain. She stated at the post-conviction hearing that "I'm as confused now as I was then." Marcia's statement that she was injured by a shot cannot be classified as perjury, since in her confusion she believed that was true. This confusion was clearly brought out to the jury on cross-examination.

■ Furthermore, petitioner was charged with the murder of Rollain and the manner in which Marcia was injured was not material to that charge. We find no knowing use of perjured testimony in this case.

### II.

Defendant further alleges that he was denied a fair trial because the state failed to produce a particular police report which may have been exculpatory. A closer examination of this alleged report shows there is no merit to this contention. The night before the shooting, Officer Timothy Decker of the South Bend police department saw petitioner along with several companions at a club at about 1:30 a. m. The officer had a brief conversation with petitioner at that time but this officer was not involved in any way with the investigation of the Rollain murder. However, before the trial, the investigating officers learned of this conversation and Officer Decker was ordered to make a report of the meeting. Decker did not testify at the trial nor was he listed as a witness for the state. The gist of his report as was found when it was introduced into evidence at the post-conviction hearing was that petitioner appeared to have been drinking that night but was not drunk.

It is true that petitioner made a specific request for names of persons that the state knew to have had some knowledge of the case as well as a general request for any and all exculpatory evidence. Since Officer Decker did not have any knowledge of the Rollain shooting, his report would only come under the general request for exculpatory evidence. This clearly is one of the "type III" cases discussed in *United States v. Agurs*, (1976) 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342. We have held that the standard to be applied in this type of case "is that the omitted evidence, as 'evaluated in the context of the entire record,' must create 'a reasonable doubt that did not otherwise exist.'" *Richard v. State, supra*, 382 N.E.2d at 904.

██ In the instant case, there is a possibility that one of petitioner's trial attorneys saw this report since he stated that he recalled the name "Decker" on a report and therefore the report. may not have been withheld at all. However, even if it was withheld, it is obvious, as was found by the trial court at the post-conviction proceedings, that the contents of this report would be merely cumulative of the condition of petitioner on the night before the shooting and would not create a reasonable doubt that did not otherwise exist when evaluated in the context of the entire record. The *Agurs*, "type III" standard of review is thus not met.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.