Elaine WALLACE, Appellant,

v.

STATE of Indiana, Appellee.

No. 1283S439.

Supreme Court of Indiana.

March 6, 1985.

Frank F. Loomis, III, Granger, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Murder and of Conspiracy to Commit Murder, a Class A felony. She was sentenced to serve concurrent terms of forty (40) years and thirty (30) years respectively.

The record indicates that appellant conspired with her sister, Phyllis Whitehead, and Arthur Lodholtz, Jr. to murder Phyllis' husband, Claude Whitehead. Lodholtz contracted with David Johnson for Johnson to be the triggerman.

The victim was shot to death in his home during the early morning hours of January 17, 1981. Earlier that evening appellant had provided Lodholtz with a .22 caliber handgun. Lodholtz gave Johnson the pistol and transported him to the Whitehead home, where Johnson got out of the car and Lodholtz drove away. Johnson was admitted into the house and shortly thereafter shot Whitehead. Lodholtz came back to pick up Johnson, and several hours later returned the handgun to appellant.

In June, 1982, Phyllis Whitehead received over $100,000 in proceeds from her husband's life insurance policy. Approximately one month later she gave Lodholtz the sum of $7,000. After paying Johnson $2,500 Lodholtz left the state with his girlfriend.

Information about the murder scheme provided by Lodholtz's wife, who remained in Indiana, led to Lodholtz's arrest in New Hampshire in August of 1982. The following month Lodholtz and Johnson were charged with murder. The charging instrument alleged that they were hired by Phyllis Whitehead.

On February 16, 1983, the State deposed Lodholtz, at which time he admitted his participation in the alleged crime. Lodholtz also implicated appellant, testifying that she first contacted him about the murder scheme and gave him the handgun the night of the alleged murder. An informa-

tion was filed on March 31, 1983, charging appellant with murder and conspiracy to commit murder. Her conviction rested primarily on Lodholtz's testimony.

Appellant first alleges that the State allowed Lodholtz to submit perjurious testimony. She argues that her due process rights were denied because the State knew, or should have known, the testimony to be false. She further claims the State did not prevent Lodholtz's testimony nor correct the testimony after it had been elicited.

Appellant contends that while Lodholtz made "numerous" false statements, his testimony contained two principal misrepresentations: that he did not know nor had he ever met the victim; and that Johnson, who was wearing a ski mask, was voluntarily admitted into a stranger's home in the middle of the night, ostensibly to use the telephone. Appellant concludes that Lodholtz committed perjury because the first representation was contradicted by the deposition and trial testimony of six witnesses and the second was "illogical" given the circumstances.

■ The knowing use of perjured testimony is fundamentally unfair and a conviction obtained by the use of such testimony will not be upheld. *Sypniewski v. State* (1980), 272 Ind. 657, 400 N.E.2d 1122; *Richard v. State* (1978), 269 Ind. 607, 382 N.E.2d 899. A conviction obtained through the use of false testimony must fall where the State, knowing the testimony to be false, either solicits such testimony or allows it to go uncorrected when it appears. *Napue v. Illinois* (1959), 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217; *Sparks v. State* (1979), 271 Ind. 419, 393 N.E.2d 151.

■ In the instant case, however, the fact that contradictory testimony was presented on the question of Lodholtz's prior relationship with the victim does not inescapably lead to the conclusion that Lodholtz was lying. Similarly, the allegedly incredulous account of the circumstances surrounding the perpetration of the crime does not conclusively amount to perjury. The conflict in the testimony concerning Lodholtz's relationship with the victim and the question of the believability of Lodholtz's account of the murder were properly resolved by the jury in their function as the finder of fact. *Kocher v. State* (1982), Ind. 439 N.E.2d 1344; *Duvall v. State* (1981), 275 Ind. 188, 415 N.E.2d 718.

Thus the State was not under any duty to stop Lodholtz's testimony or to force Lodholtz to admit he was lying. Appellant also points out inconsistencies in Lodholtz's deposition and trial testimony which were brought out on cross-examination. Resolution of these inconsistencies was also to be made by the trier of fact. *Taylor v. State* (1981), Ind., 425 N.E.2d 141. We find that appellant's due process rights were not violated by the admission of the controverted testimony.

Appellant next alleges the trial court erred in refusing to give one of her tendered jury instructions. The rejected instruction, which addressed the issue of Lodholtz's credibility, reads as follows: "Where a witness knowingly and intentionally gives false testimony as to a material matter, the jury may reject his entire testimony."

■ There is no error in refusing a tendered instruction when the subject matter is adequately covered by another instruction given by the court. *Mack v. State* (1983), Ind., 457 N.E.2d 200; *Gilmore v. State* (1981), 275 Ind. 134, 415 N.E.2d 70. The court's Instruction Number 5 reads as follows:

"You should not disregard the testimony of any witness without a reason and without careful consideration. However, if you find that the testimony of a witness is so unreasonable as to be unworthy of belief, or if you find so much conflict between the testimony of witnesses that you cannot believe all of them, then you must determine which of the witnesses you believe and which of them you will disbelieve."

We find no error in the court's refusal to give appellant's instruction.

Appellant's final contention is that her due process rights were denied due to the violation by the State of the trial court's discovery order and the court's denial of her motion to exclude certain testimony.

Upon appellant's pretrial motion the trial court ordered the State to disclose the names of witnesses it intended to call at trial and to disclose the substance of any oral statements made by the defendant and any witnesses thereto. The State offered four different witness lists, with a cumulative total of 125 names. Ultimately the State called thirteen of the witnesses so listed.

One of the witnesses called, a bank teller, testified that he cashed a money order in the amount of $7,000 for Phyllis Whitehead. He further testified that Mrs. Whitehead was accompanied by a woman who resembled appellant. Appellant contends that she was prejudiced by the State's "deliberate deception" in submitting an unreasonable witness list which prevented her from anticipating the bank teller's testimony.

Appellant relies on *Thorne v. State* (1981), Ind., 429 N.E.2d 644, in which the State listed an informant on its witness list under an alias. When the witness was called at trial, defense counsel moved for a continuance and for the exclusion of the informant's testimony. We found the denial of the motion for continuance to be reversible error. *Id.* at 647.

■ Here, the State did not conceal the name of the witness whose testimony appellant contends was prejudicial. The cumulative list of witnesses submitted by the State was unreasonable, in light of the number of witnesses actually called at trial; however, while such practice by the prosecution is questionable, on review we can only look to the exercise of the discretion afforded the trial court in enforcing its discovery order. *See Carson v. State* (1979), 271 Ind. 203, 391 N.E.2d 600.

■ In the case at bar appellant made no attempt to have the list submitted by the State reduced to only those witnesses the State intended to call. Since appellant took no action to compel a more tenable witness list, we cannot find reversible error based on appellant's alleged inability to anticipate the bank teller's testimony.

In a related issue, appellant contends that she was prejudiced by the admission of the testimony of Ricky Jones, who related oral statements made to him by appellant. At a sidebar conference prior to Jones testifying appellant argued that the State, which admittedly knew of the statements two months prior to trial, had violated the discovery order by failing to disclose the allegedly inculpatory statements. Appellant requested that Jones not be permitted to testify, and in the alternative, that she be granted a continuance.

Both motions were denied. The court did call a recess to allow appellant an opportunity to interview Jones, and also offered appellant additional time if needed. When the court reconvened appellant renewed her request for the exclusion of Jones' testimony. The court again denied the motion, finding that Jones had been available as a listed witness and that defense counsel had had sufficient time during the recess to interview him. The court additionally found no deliberate withholding of information by the State.

■ A trial court is afforded wide discretion in remedying any violation of its discovery order. *Chandler v. State* (1981), 275 Ind. 624, 419 N.E.2d 142. The remedy most often used is a "continuance or a recess until such time as the defendant has been afforded an opportunity to examine the evidence or witness." *Carson, supra* 271 Ind. at 207, 391 N.E.2d at 602 (citations omitted). As the trial judge is usually in the best position to determine what harm, if any, evolved from a violation, and whether such harm can be eliminated or satisfactorily alleviated, absent clear error his decision should not be overturned. *Reid v. State* (1978), 267 Ind. 555, 372 N.E.2d 1149.

■ We are unable to find reversible error in the instant case. While the court found merit in the State's argument that

appellant's statements to Jones were work product and therefore not discoverable, it nonetheless ordered a recess to allow appellant an opportunity to interview the witness. Appellant failed to request additional time to interview the witness or to renew her motion for a continuance. The trial court did not abuse its discretion in denying appellant's motion to exclude the testimony.

The trial court is in all things affirmed.

All Justices concur.