Andrea V. **CROWE**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 284S44.

Supreme Court of Indiana.

Nov. 22, 1985.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from a jury conviction of robbery resulting in bodily injury, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), recodified as Ind.Code § 35–42–5–1 (Burns 1985 Repl.). Defendant-appellant, Andrea V. Crowe, was sentenced to a prison term of eleven years.

Appellant raises three issues on appeal: (1) whether appellant's tendered lesser included offense instruction on battery was refused erroneously; (2) whether trial court's denial of appellant's motion for mistrial was in error; (3) whether admission of the victim's testimony regarding a pre-trial identification and the victim's in-court identification constituted fundamental error.

These are the facts which tend to support the determination of guilt. On May 16, 1983, Dorothea Cox drove to the Hale residence, where she was employed as caretaker for an elderly person. After she parked her car she was attacked from behind while she was trying to remove a bag of clothes from her car. Appellant attempted to grab her purse. Cox resisted and struggled with appellant in an attempt to keep her purse. During this struggle Cox was within arms length distance from appellant. Appellant struck Cox in the face three times, causing blood to run down her face and breaking her glasses. The resultant injuries required thirteen stitches on her head. Cox held onto her purse until the strap broke. Appellant then ran off with her purse. Cox' purse was subsequently recovered by the police and returned to her minus her cash.

At some point during the attack, Cox faced appellant. Shortly after the attack, the police brought appellant and two other boys to the hospital emergency room for a lineup. The police asked Cox to remain silent while the lineup was conducted. The emergency room lineup was held 8–10 feet away from Cox, who was still receiving medical treatment for injuries sustained. Cox later told police she recognized appellant as the boy who attacked her. Cox again positively identified appellant in court as the individual who struck her and took her purse. In addition, Renard Greer, with whom appellant was walking prior to the attack, testified he saw appellant hit Cox.

## I

■ Appellant argues the trial court erred by refusing his following tendered jury instruction No. 1:

> You are instructed that the crime of battery [35–42–2–1 (Burns 1979 Repl.)] is a lesser offense to the crime charged. [Robbery resulting in bodily injury]. The crime of battery is defined as follows:
>
>> A person who knowingly or intentionally touches another person in a rude, insolent or angry manner resulting in bodily injury to any other person, is [sic] battery, a class A misdemeanor.

The trial court's determination whether to instruct the jury on lesser and included offenses is based upon a two-part analysis which evaluates (1) the statutes & charging instrument and (2) the evidence adduced at trial regarding the element which distinguishes the two offenses. *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208. The trial court properly refused to give the battery instruction under step two of this test:

> "While the evidence at trial demonstrated that the victim received blows constituting "rude and insolent touching", the *sine qua non* of battery under Ind.Code § 35–42–2–1 (Burns 1979 Repl.), because the evidence also conclusively demonstrated that a robbery took place, and the only question was whether Defend-

ant participated, an instruction on battery was not justified by the evidence, would have invited a compromise verdict, and was properly refused."
*Henning v. State* (1985), Ind., 477 N.E.2d 547, 551.

In this case, the evidence would not create a reasonable doubt in the minds of the trier of fact regarding the existence of a robbery.

## II

■ Appellant argues the trial court erred by denying his motion for mistrial which was predicated upon an alleged hung jury.

The jury retired to deliberate at 2:27 p.m. Between 5:40 p.m. and 5:45 p.m. a jury interrogatory was presented to the bailiff wherein the jury requested to hear a replay of the taped transcript of Cox, Crowe, and Greer. The trial court denied the jury's request. Appellant contends that such a jury request be treated as grounds for mistrial, and moved for a mistrial after the court's ruling.

Appellant maintains the evidence requested by the jury not only constituted a substantial portion of the substantive evidence of the case but was also conflicting evidence. He therefore contends the jury's request was indicative of their fundamental inability to reconcile the evidence and reach an agreement. Appellant argues a mistrial is preferable to depriving the jury of requested testimony.

While the jury's request for the taped testimony is evidence supporting a foundation for mistrial, such request alone is an insufficient basis upon which to rationally conclude the jury deliberations were frustrated. Moreover, the record provides sufficient evidence to establish the jury was able to reconcile the evidence and reach agreement. The jury interrogatory was tendered to the bailiff approximately three hours after jury deliberations commenced. After the trial court denied the jury's request, a jury verdict was presented to the court approximately three hours later. At

6:00 p.m. the jury recessed for dinner. Deliberations resumed at 7:00 p.m. and the jury returned to the courtroom with their verdict at 8:35 p.m. These time periods indicate the jury was not overwhelmed or incapacitated in its struggle to reach a verdict. Appellant's motion for mistrial was properly denied.

### III

■ Appellant argues the trial court committed fundamental error by permitting Cox to testify regarding her out of court identification of appellant and by allowing her in-court identification of appellant. Appellant argues the emergency room lineup was unnecessarily suggestive and therefore Cox' testimony regarding this out of court identification was inadmissible. He also maintains Cox' in-court identification was impermissibly tainted by this alleged suggestive pre-trial identification procedure and therefore also inadmissible. However, since appellant did not preserve this issue for appellate review by making a contemporaneous objection to either Cox' testimony or the in-court identification, this Court will not address the merits of this claim. Appellant's claim of an impermissibly suggestive pre-trial identification which is alleged to have tainted Cox' in-court identification does not rise to the level of fundamental error when, as here, the identification witness is subject to cross-examination. *Warriner v. State* (1982), Ind., 435 N.E.2d 562.

Judgment affirmed.

GIVAN, C.J., and PRENTICE, PIVARNIK and SHEPARD, JJ., concur.