Samuel Anthony **JORDAN**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 384S81.

Supreme Court of Indiana.

Dec. 5, 1985.

Charles F. Leonard, Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was found guilty by a jury of Attempted Murder, a Class A felony, and Battery, a Class C felony. The court, noting that both convictions arose from the same set of facts, sentenced appellant only on the Class A felony. He received the presumptive sentence of thirty (30) years.

The facts are: In the late evening of July 11, 1981, and the early morning hours of the following day, appellant was involved

in a crap game outside a club in Fort Wayne, Indiana. During the course of the game he argued with William Jackson and Ray Van Lapsley. Eventually appellant, who was armed with a knife, chased Jackson into the street. Nothing further ensued between them at that time.

Lapsley and Jackson left and went to a "bootleg joint" at about 4:00 a.m. Several hours later appellant entered the building and saw Lapsley seated at the bar. He yelled out Lapsley's name and fired a handgun at Lapsley, hitting him in the shoulder. Appellant then fired three more shots, all of which struck Lapsley.

On November 19, 1981, an information was filed charging appellant with the offense of Battery. He was not arrested until October of 1982. On November 23, 1982, the State filed an additional count of Attempted Murder. After the cause had been set for trial on March 22, 1983, appellant was granted a continuance to depose Lapsley. Appellant was subsequently granted three further continuances, each to prepare a new court-appointed attorney. The cause was tried on October 11, 1983.

At trial Lapsley testified that appellant entered the "bootleg joint" and called out his name. Lapsley stated that when he turned, appellant fired a handgun, striking him in the shoulder. After he dropped to the floor, appellant fired three more shots, hitting him in the back.

Appellant testified that Jackson had stolen money from him during the crap game, after which he chased Jackson into the street. Sometime later he was walking down Hugh Street when Lapsley and Jackson jumped out of a car and robbed and beat him, resulting in a broken jaw and other injuries. Appellant testified that he then went home to get his handgun and set out to find Jackson and Lapsley. He further testified that he first fired his weapon when Lapsley lunged at him.

The sole issue raised by appellant is whether the trial court erred in denying his oral motion to bar Lapsley's testimony and in the alternative to continue the cause in order to depose him. He contends the prosecution had failed to produce Lapsley prior to trial for a deposition.

On February 7, 1983, a subpoena was issued for Lapsley, who failed to appear on February 10 for a scheduled deposition. On March 7, two weeks before the scheduled trial date, appellant moved to bar Lapsley's testimony and alternatively for a continuance to conduct a deposition. The motion for a continuance was granted the following day.

Immediately prior to the commencement of trial on October 11, appellant made an oral motion to exclude any testimony by Lapsley and in the alternative for a continuance. The trial court, noting that three continuances had been granted after the March 7 motion, denied both motions. The court found that appellant had failed to request a new deposition date or an order to compel Lapsley to appear in the period between the granting of the first continuance and the commencement of the trial.

A trial court has broad discretion in remedying violations of a proper discovery order. *Carson v. State* (1979), 271 Ind. 203, 391 N.E.2d 600. An order compelling disclosure and a continuance are generally the appropriate remedies. *Hurley v. State* (1983), Ind., 446 N.E.2d 1326. Where the prosecution has blatantly and deliberately refused to comply with the discovery order, exclusion of the evidence may be required. *Averhart v. State* (1984), Ind., 470 N.E.2d 666, *cert. denied* (1985), — U.S. —, 105 S.Ct. 2051, 85 L.Ed.2d 323; *O'Connor v. State* (1980), 272 Ind. 460, 399 N.E.2d 364.

There is no indication that the prosecution violated the court's discovery order. The fact that Lapsley would appear as a prosecution witness was clearly not a surprise to appellant. It was the responsibility of appellant, not the prosecutor or the court, to obtain the deposition of Lapsley. If appellant was unable to locate Lapsley, he should have so notified the court in a timely fashion. Accordingly, the court properly denied the motion to exclude Lapsley's testimony.

Regarding the alternative motion for a continuance, appellant's argument that the prosecution violated the discovery order by not producing the witness is again unavailing. Appellant's failure to timely raise the question of the availability of the witness leads to the conclusion that he did not make the requisite showing of good cause for an additional continuance. *Hurley, supra; Miller v. State* (1978), 267 Ind. 635, 372 N.E.2d 1168. Under the circumstances presented here, there was no abuse of discretion in the denial of appellant's request for a further postponement of the trial.

The trial court is in all things affirmed.

All Justices concur.