James **HELTON**, Appellant,

v.

**STATE of Indiana, Appellee.**

No. 36S00–8801–CR–27.

Supreme Court of Indiana.

June 22, 1989.

Terrance W. Richmond, Milan, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Burglary, a Class B felony, for which he received a sentence of six (6) years enhanced by twenty (20) years by reason of his habitual offender status.

The facts are: On the night of January 23, 1986, Kevin Schlatterer was asleep in his home in Seymour, Indiana. He was awakened by the telephone but did not answer it assuming it was another of a series of prank calls. He went back to sleep but a short time later thought he heard noises coming from the kitchen. A few moments later he heard voices in the living room. He got out of bed, turned on his desk lamp and went into the living room where he saw two men, later identified as appellant and Jerry Cash, standing over the television set and videocassette recorder.

Schlatterer asked them what they were doing. Cash, who was known to Schlatterer, asked where his roommate, Clyde Hill, was, and was told he was at work. Cash claimed he had tried to awaken Schlatterer. As they conversed, all three moved toward the bedroom where the light was on. After a few minutes, appellant went out of the house followed shortly by Cash.

Schlatterer then noticed the videocassette recorder had been turned sideways as if to access the hookups, one of which was disconnected. He telephoned his roommate Hill, who advised him not to call police until he returned home from work. Subsequently, Hill came home accompanied by Jerry Cash's brother, John Cash. Police were called and investigated. When Schlatterer named Jerry Cash and described the other man, John Cash named appellant from the description as having been with Jerry earlier that day. Police prepared separate photographic lineups from which Schlatterer identified Jerry Cash and appellant.

Appellant contends the trial court erred in denying his pretrial motion to suppress identification evidence of the photographic lineup. He argues Schlatterer's identification of his photograph from a five-picture array was rendered impermissibly suggestive because of John Cash's earlier suggestion in Schlatterer's presence that the latter's description of the second man resembled appellant, because John Cash and Hill were with Schlatterer at the police station during the photographic lineup, and because his 3½-year-old photograph depicted him without a beard, while he had a full beard the night of the crime. This reasoning escapes us.

Appellant also maintains Schlatterer's in-court identification of him was tainted by the unduly suggestive pretrial photographic lineup. However, appellant has waived consideration of any error resulting from admission of the identification evidence by his failure to object at trial. Denial of a pretrial motion to suppress is not a final ruling; to preserve error, objection must be made when the evidence is introduced at trial. *Connell v. State* (1984), Ind. 470 N.E.2d 701. Appellant's argument that the admission of allegedly tainted identification evidence constitutes fundamental error has been resolved against him in our prior cases. *Crowe v. State* (1985), Ind., 485 N.E.2d 115.

Even absent his waiver, we fail to find the photographic lineup to be impermissible suggestive. John Cash's earlier suggestion that appellant fit Schlatterer's description has not been shown to have affected the identification—the transcript reveals the subjects' names were not on their photographs—nor has the presence of John Cash and Hill at the police station during the lineup. The only photograph of appellant in the police file showed him clean-shaven, as were the other four sub-

jects in the array. To have included bearded subjects alongside appellant's clean-shaven photograph would have rendered the photographic array confusing and a less accurate distinguishing tool; the greater the similarity of the subjects depicted, the less suggestive is the photographic array. *See Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274.

The admission of the identification evidence was not error.

■ Appellant contends the trial court erred in admitting over his objection State's Exhibit No. 10, a floor plan diagram of the burglarized premises drawn by witness Schlatterer. Appellant argues that because the State failed to produce or mention the diagram in its discovery response, it should have been excluded from evidence.

However, appellant was apprised of the State's intention to use such a diagram by its supplemental discovery return filed over three months before trial. The exhibit itself was not produced prior to trial because the witness drew it the night before he testified.

■ Even assuming the State had been lax in its discovery response, the appropriate remedy for non-production of documentary evidence is a continuance or recess to afford the surprised party an opportunity to examine the exhibit. *Wallace v. State* (1985), Ind., 474 N.E.2d 1006. The record reveals appellant here asked for neither. He also has failed to demonstrate any surprise or inability to defend resulting from the admission of Exhibit 10. To secure reversal, one must show prejudice resulted from the alleged error. *Shaw v. State* (1986), Ind., 489 N.E.2d 952.

We find no error in the admission of State's Exhibit No. 10.

■ Appellant contends the trial court erred in denying his motion for judgment on the evidence, alleging the evidence was insufficient to support his burglary conviction. He argues that the identification testimony of Schlatterer is too uncertain and consists solely of speculation as to the identity of the other man seen with Jerry Cash

in the house on the night in question. He argues there is no evidence to show he participated in a burglary.

■ His contention, however, is without merit. Schlatterer's identification of appellant from the photographic lineup and at trial was positive and untainted by any impropriety. Burglary as a Class B felony consists of breaking and entering a dwelling of another with the intent to commit a felony inside. Ind.Code § 35–43–2–1. Testimony shows appellant and Cash were found inside a darkened house whose kitchen door had been forced open, standing over a partially disconnected videocassette recorder. A conviction for burglary may be sustained by circumstantial evidence alone. *Johnson v. State* (1987), Ind., 512 N.E.2d 1090. The evidence here was sufficient to support appellant's conviction.

Appellant claims that because his conviction on the instant crime should fail the finding that he is an habitual offender thus also must fail. This of course would be true; however, because appellant's instant conviction stands, the enhanced sentence as an habitual offender also stands.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Justice, dissenting.

The evidence serving to identify appellant Helton as a participant in this burglary consists of trial testimony describing the victim's pretrial identification of him as one of the two burglars from a three-year-old photograph, taken when he had no beard, and the trial testimony of the victim that the second burglar was the gentlemen sitting in the court room next to Mr. Farrow, one of the defense counsel, dressed in a blue shirt. The man in the blue shirt was not otherwise identified as appellant by name or by reference to him as the defendant. Based on this record, the identification of appellant as a participant in the

burglary was insufficient to support the judgment.