21 F.3d 430
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Samuel JORDAN, Petitioner/Appellant,
v.
Jack R. DUCKWORTH, Superintendent, Respondent/Appellee.
 No. 93-2961.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
April 6, 1994.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 9, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Samuel Jordan appeals from the district court's denial of his petition for a writ of habeas corpus. 28 U.S.C. Sec. 2254. Jordan alleges in this appeal that the jury was improperly instructed as to the mens rea element of the offense of attempted murder and that the state unlawfully amended the charging information against him. He also claims that both the trial and appellate counsels were ineffective in not raising those two issues. After a de novo review, Lily v. Gilmore, 988 F.2d 783, 784 (7th Cir.), cert. denied, 114 S.Ct. 154 (1993), we agree with the district court that Jordan has procedurally defaulted on his claims and has failed to establish prejudice to avoid his procedural default. Therefore, we affirm the judgment for the reasons stated in the attached district court order.
 
 
 2
 We note that the district court cites Rogers-Bey v. Lane, 896 F.2d 279 (7th Cir.1990), in which we adopted a formalistic interpretation of the "plain statement rule" of Harris v. Reed, 489 U.S. 255 (1989). Rogers-Bey, however, was refined by Willis v. Aiken, 8 F.3d 556, 565-66 (7th Cir.1993), in which we noted the Supreme Court's clarification that the "plain statement rule" of Harris applies only when "a federal court has good reason to question whether there is an independent and adequate state ground for decision." Coleman v. Thompson, 111 S.Ct. 2546, 2559 (1991). As the presumption of Harris applies only to state court judgments that fairly appear to rest primarily on federal law, id., we did not use in Willis the more formalistic approach of Rogers-Bey. Willis, 8 F.3d at 565. In the present case, because the district court found and we agree that the state court has met the requirements of the "plain statement rule," the district court's analysis is not affected by the refinements of the rule made subsequent to Rogers-Bey.
 
 
 3
 AFFIRMED.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF INDIANA
 INDIANAPOLIS DIVISION
 
 4
 Samuel Jordan, Petitioner,
 
 
 5
 v.
 
 
 6
 Jack Duckworth, Respondent.
 
 Cause No. IP 93-151-C
 
 7
 ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND
 
 DIRECTING ENTRY OF JUDGMENT
 
 8
 This cause is before the Court on the petition of Samuel Jordan for a writ of habeas corpus, on the respondent's return to show cause and on the petitioner's traverse. In addition, the petitioner has filed a motion to strike the respondent's return to order to show cause as disrespectful of the Court's orders to answer his petition in this case and the Court has before it the expanded record of the petitioner's trial and post-conviction action in the Allen County Superior Court.[1]
 
 
 9
 Whereupon the Court, having read and examined such petition, return, traverse, motion and record, and being duly advised, now makes the following findings of fact and conclusions of law.
 
 FINDINGS OF FACT
 
 10
 1. Petitioner Samuel Jordan ("Jordan") is an inmate at the Indiana Reformatory serving a thirty (30) year sentence imposed on October 11, 1983 in Allen County, Indiana following his convictions for attempted murder and battery.[2] His convictions were affirmed on direct appeal in Jordan v. State, 485 N.E.2d 896 (Ind.1985) (Jordan I ), and other claims were rejected in his action for post-conviction relief. Jordan v. State, No. 02A04-9201-PC-12 (Ind.App. October 28, 1992) (Jordan II ). The Indiana Supreme Court denied Jordan's petition for transfer on December 16, 1992.
 
 
 11
 2. Jordan was charged with battery in Allen County on November 19, 1981. He was arrested in October 1982. The following month the charging information was amended to include an additional count for attempted murder. After continuance of the trial for various reasons the trial was ultimately conducted in October 1983.
 
 
 12
 3. The circumstances surrounding Jordan's offense are that in July 1981 he was involved in a crap game outside a club in Ft. Wayne. He argued with William Jackson and Ray Van Lapsley and chased Jackson into the street with a knife. Lapsley and Jackson later went to another establishment. Jordan entered, saw Lapsley and fired a handgun, hitting Lapsley in the shoulder. He then fired three (3) more shots, all of which hit Lapsley.[3]
 
 
 13
 4. Jordan seeks habeas corpus relief in this action based on the following grounds:
 
 
 14
 (a) He was denied the effective assistance of counsel at trial and in his direct appeal. The specifications of this claim are that (i) trial counsel failed to object the to attempted murder instruction given by the trial court, (ii) trial counsel failed to object to the filing of the attempted murder charge as being violative of Indiana law, (iii) appellate counsel failed to raise on direct appeal "several significant and obvious issues, including the erroneous attempted murder instruction[ ] and the prosecution's amendment of the original charge" and (iv) appellate counsel "failed to raise several other issues which are set out in Jordan's Brief of Petitioner-Appellant, filed after denial of post-conviction relief."
 
 
 15
 (b) A jury instruction improperly permitted the jury to convict without finding a necessary element of intent.
 
 
 16
 5. The petitioner's claims in this action were first asserted in the post-conviction action.
 
 
 17
 6. Any conclusion of law stated below, to the extent that it constitutes a finding of fact, is herein incorporated by reference as an additional finding of fact by the court.
 
 CONCLUSIONS OF LAW
 
 18
 1. In the exercise of its habeas jurisdiction a federal court may grant relief only if the petitioner shows that he is in custody "in violation of the Constitution or laws of the United States." 28 U.S.C. Sec. 2254(a). See also Estelle v. McGuire, 112 S.Ct. 475, 480 (1991); Pulley v. Harris, 104 S.Ct. 871, 875 (1984).
 
 
 19
 2. Before a district court may consider a habeas corpus petition on its merits it must determine that each claim has been "exhausted" in the state courts. Farrell v. Lane, 939 F.2d 409, 410 (7th Cir.1991), cert. denied, 112 S.Ct. 387 (1991). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims, or when state remedies no longer remain available to the petitioner. Engle v. Isaac, 456 U.S. 107, 125 n. 28 (1982); Farrell v. Lane, 939 F.2d at 410. However, if a claim has not been fully presented to the state courts and no longer can be, this waiver prevents federal habeas corpus relief based on that same issue absent a showing of cause and prejudice. Burgin v. Broglin, 900 F.2d 990, 996 (7th Cir.1990).
 
 
 20
 3. Exhaustion is complete here, either through fully presenting the claims to the Indiana courts or because no further avenue is open to Jordan in those courts. The petitioner has completed his direct appeal and has sought post-conviction relief.
 
 
 21
 4. The respondent asserts that Jordan has procedurally defaulted with respect to several claims and that this bars review of the merits of them. In Jordan II, the Court of Appeals explained that under Indiana law a petitioner may not raise issues in a post-conviction proceeding which could have been raised on direct appeal and then held:
 
 
 22
 [t]he issues of improper jury instruction, amended information, prosecutorial misconduct, judge bias, and ineffective trial counsel were all known to Jordan at the time of his trial or appeal. We will not review issues in a post-conviction proceeding that have been waived by a previous appeal.
 
 
 23
 5. Notwithstanding this primary holding, the Court of Appeals proceeded to consider each of these claims on its merits and rejected each. Jordan argues that in doing so the Indiana courts have indeed reached the merits of these claims and that this Court may do likewise. His view of the controlling law on this issue is in error, for a plain statement of waiver on state grounds and of reaching federal grounds only in the alternative will still bar federal review of the merits. Rose v. Lane, 910 F.2d 400, 402 (7th Cir.), cert. denied, 111 S.Ct. 515 (1990); Rogers-Bey v. Lane, 896 F.2d 279, 282 (7th Cir.), cert. denied, 111 S.Ct. 93 (1990). The rationale for this rule is that if an independent ground under state law exists, federal review would be superfluous. Coleman v. Thompson, 111 S.Ct. 2546, 2552-54 (1991).
 
 
 24
 6. The Supreme Court has defined "cause" as some external objective factor, such as interference by officials or unavailability of the factual or legal basis for a claim, which impeded compliance with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). Jordan's attempt to show cause for the procedural default in this instance rests on his claims of ineffective trial and appellate counsel. This effort, therefore, dovetails directly into the claims which have been properly exhausted and as to which no procedural default has occurred.
 
 
 25
 7. In Murray, 106 S.Ct. at 2645-46, the Supreme Court stated that while ineffective assistance of counsel is cause for procedural default,
 
 
 26
 [s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, [466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984) ], we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.
 
 
 27
 Murray "explicitly rejected the position that an attorney's ignorance or inadvertence can be sufficient cause for a procedural default." Buelow v. Dickey, 847 F.2d 420, 426 (7th Cir.1988), cert. denied, 489 U.S. 1032 (1989). Rather, to establish "cause" requires that the procedural default be the result of constitutionally ineffective counsel. Id.
 
 
 28
 8. In United States v. Balzano, 916 F.2d 1273 (7th Cir.1990), the Seventh Circuit Court of Appeals characterized the burden of demonstrating ineffective assistance of counsel as a "high mountain a defendant must climb." The defendant must demonstrate both that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. United States v. Arvanitis, 902 F.2d 489, 494 (7th Cir.1990), citing Strickland v. Washington, 104 S.Ct. 2052, 2064-65 (1984). If a defendant cannot demonstrate prejudice, a court need not determine whether the attorney's performance was in fact deficient. Chichakly v. United States, 926 F.2d 624, 630 (7th Cir.1991); United States v. Slaughter, 900 F.2d 1119, 1124-25 (7th Cir.1990). The difficulty of prevailing on such a claim is particularly acute following the clarification of the meaning of prejudice in this context in Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993):
 
 
 29
 To show prejudice under Strickland, a defendant must demonstrate that counsel's errors are so serious as to deprive him of a trial whose result is unfair or unreliable, id., [466 U.S.] at 687, not merely that the outcome would have been different. Unfairness or unreliability does not result unless counsel's ineffectiveness deprives the defendant of a substantive or procedural right to which the law entitles him.
 
 
 30
 9. Jordan cannot show prejudice under Strickland in this case and hence cannot demonstrate "cause" for his procedural default. As to the filing of an amended information (the addition of count 2 for attempted murder), Jordan persists in arguing only that it was error under Indiana law. Such errors are not cognizable in actions under 28 U.S.C. Sec. 2254(a), either directly or indirectly. As the Supreme Court explained in Estelle v. McGuire, 112 S.Ct. 475, 480 (1991):
 
 
 31
 Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. Sec. 2241; Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177-78 (1975) (per curiam ).
 
 
 32
 Jordan had ample notice of the filing of the additional charge and was fully prepared to defend against it. The Court finds no due process or other constitutional ground on which to assess whether its filing was "proper."
 
 
 33
 10. The remaining claim which was waived at trial (and not raised in the direct appeal) is that the instruction given on attempted murder was deficient with respect to the necessary element of intent to kill. The jury was instructed that the State's burden was to prove that Jordan knowingly or intentionally, (2) shot Roy Van Lapsley with a handgun and (3) that the shooting of Roy Van Lapsley was a substantial step toward the commission of the crime of Murder. The Court of Appeals in Jordan II concluded that this instruction was proper because "[i]t correctly implied that the required intent is the intent to accomplish the result: the death of the victim." And so it did. Jordan bears a heavy burden with respect to these claims. Instructional error will not support a petition for federal habeas relief unless it is shown "not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' " Cupp v. Naughten, 94 S.Ct. 396 (1973), but that "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." Id. at 147; Henderson v. Kibbe, 97 S.Ct. 1730 (1977). Even if the instruction was incomplete, any deficiency was not of the character which would support a finding of due process.[4] It must be concluded that as to this claim as well, therefore, there has been no prejudice as required by Strickland and Lockhart to establish constitutionally ineffective counsel.[5]
 
 
 34
 11. Two remaining matters: The petitioner's motion to strike is denied. The Court is also aware that if a petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he can show that a fundamental miscarriage of justice would result from a failure to entertain the claim. That showing has not been attempted here and the circumstances would not support it even if attempted.[6]
 
 
 35
 12. This Court has carefully and completely reviewed the state record in light of the petitioner's claims. It has given such consideration to the claims raised in this proceeding as the limited scope of its review in a habeas corpus proceeding permits. Even as to those claims, however, the Court finds no violation of the petitioner's rights such as to warrant the relief which he seeks. Accordingly, the petition for a writ of habeas corpus must be denied and this cause of action dismissed with prejudice. Judgment consistent with this Entry shall now issue.
 
 
 36
 IT IS SO ORDERED.
 
 
 37
 --------/s/ Larry J. McKinney
 
 
 38
 --------LARRY J. McKINNEY, Judge
 
 
 39
 --------United States District Court
 
 Date: JULY 26 1993
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 This Court adjudicates sufficient numbers of habeas actions by state prisoners to comment on the exceptionally well organized expanded record of appellate briefs and decisions pertinent to Jordan's challenge
 
 
 [2]
 The only conviction for which a sentence was imposed was for the attempted murder
 
 
 [3]
 Jordan does not challenge the factual summary in his direct appeal, Jordan I, 485 N.E.2d at 897, and it is therefore entitled to a presumption of correctness under 28 U.S.C. Sec. 2254(d). A federal habeas court is entitled to presume that factual conflicts were resolved in favor of the prosecution's view of the evidence. Wright v. West, 112 S.Ct. 2482, 2492-93 (1992). Consequently, we do not dwell here on Jordan's version of the events antecedent to the shooting
 
 
 [4]
 The jury was instructed as to the crime of attempt. Murder, by its nature, connotes the death of a human being. The requisite intent, which is a specific intent under Indiana law, was the intent to kill Roy Van Lapsley. The jury knew from the charge that to find Jordan guilty of attempted murder it had to find that he knowingly or intentionally shot Lapsley with the intent to kill him, for that is the only result which relates to the crime (Murder) with which he was charged in count 2
 
 
 [5]
 A claim of ineffective assistance of counsel is considered by examining "the totality of the circumstances, ever mindful of the fact that there exists a strong presumption that counsel rendered reasonably effective assistance." United States v. Muehlbauer, 892 F.2d 664, 668 (7th Cir.1990). Jordan's claims do not overcome this presumption and have no prospect of doing so in light of the evidence (four shots, four hits)
 
 
 [6]
 "[T]he amorphous concept of "fundamental fairness" ... does not fulfill the "cause and prejudice" standard." Baskin v. Clark, 956 F.2d 143, 145 (7th Cir.1992)